[No. 3054. Decided November 16, 1898.]

ROBERT CROFT, *Respondent,* v. THE NORTHWESTERN STEAMSHIP COMPANY, *Appellant.*

NEGLIGENCE OF CARRIER — INJURY TO PASSENGER — PLEADING — EVIDENCE — INSTRUCTIONS.

In an action to recover damages for injuries sustained through the falling of a gang-plank leading from a dock to the deck of a steamer, a paragraph of the complaint is sufficiently particular and specific, as against a motion to make more definite, where it alleges that the gang-plank was carelessly and negligently supported on the boat and was not properly tied or fastened thereto.

Where defendant, in an action for damages resulting from the falling of a gang-plank between a steamer and the dock, has put in evidence to the effect that the gang-plank had been properly fastened but had broken loose by the mooring of a second steamer to the first in such a way as to forcibly pull the first steamer from the dock, evidence in rebuttal is admissible to show that the second steamer tied up to the first one more than an hour before the accident occurred.

A negligent carrier cannot set up a defense, as against a passenger, that the negligence of a third party contributed to the injury, although the latter acted independently of the carrier.

Although a requested instruction embraces two different subjects that may well be submitted as separate instructions, it is not error to refuse the instruction, in whole or in part, if it is partly erroneous.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Burleigh & Piles,* and *Wilmon Tucker,* for appellant.

*Samuel S. Carlisle,* and *Charles E. Patterson,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff brought this action to recover damages for personal injuries sustained in falling from a gang-plank leading from a dock in the city of Seattle to the deck of the steamer Rosalie, on which he was intending to take passage to Victoria, and, having recovered a judgment, the defendant has appealed.   It appeared from the plaintiff's testimony that he attempted to go aboard the ship shortly before midnight; that there was no one on the wharf at the time and no one in sight on the vessel; that there was no light upon the wharf, but there was one on the steamer sufficient to cast a reflection on the gang-plank, which apparently extended from the wharf to the steamer; that he was carrying several parcels, and when about half way between the wharf and the vessel the plank fell, precipitating him into the water, whereby the injuries complained of were caused.

It is first contended that the court erred in refusing to grant a motion of defendant to make paragraph five of the complaint more definite.   Said paragraph was as follows:

" That said steamboat had out her gang-plank for the purpose of receiving passengers and other persons who might have business with said boat; that said boat was carelessly and negligently moored to the dock aforesaid, and her said gang-plank was carelessly and negligently supported on said boat, and was not properly tied or fastened thereto, and the same was carelessly and negligently put out and maintained from said vessel to the dock aforesaid."

We think this paragraph was sufficiently particular and specific in alleging that the gang-plank was carelessly and

negligently supported on said boat, and was not properly tied or fastened thereto.

It is next contended that the court erred in refusing to grant a motion for a non-suit, but we are clearly of the opinion that a *prima facie* case had been made by the plaintiff.

It is next contended that the court erred in refusing to strike the testimony of a witness on rebuttal. The theory as to plaintiff's case was that the gang-plank either did not reach the vessel, or was so negligently placed there that it fell when the plaintiff attempted to walk along it. The defendant sought to show, and introduced testimony to the effect, that the plank had been properly placed from the steamer to the wharf and securely tied, and that the accident was caused by another steamer, which, at the time the plaintiff was attempting to board the Rosalie, came up and tied to the latter steamer in such a manner as to forcibly pull the Rosalie away from the wharf, breaking the fastenings and causing the plank to fall at the time the plaintiff was upon it. The witness in question testified in rebuttal that he saw the steamer Lydia Thompson, which was the one that tied to the Rosalie, when she came up and made fast, and that he also saw the gang-plank fall, and that it was some hours after the Thompson had come up. We think this was legitimate evidence on plaintiff's rebuttal case. Some other general testimony was given by the witness, but it was within the discretion of the court to allow it, and we do not find that it was improperly exercised. Also the foregoing was the only part that was very material as to the question of time in admitting it, as the remainder was but cumulative and not especially damaging.

The next errors alleged are with reference to the instructions given and refused. They are too voluminous

to be set forth in detail, and only the more material ones will be considered.  It is contended that the court erred in giving the following instruction:

" It is no defense for a negligent carrier, as against his passenger, that the negligence or trespass of a third party contributed to the injury, although the latter acted independently of the carrier."

It is insisted that this is wrong, on the ground that there was no negligence shown on the part of the defendant, but as, in our opinion, there was proof tending to show such negligence, the instruction was a proper one.

The most urgent contention on the part of appellant is, however, that the court erred in refusing to give instruction number fifteen requested by it, which was as follows:

" If you believe from the evidence in this case that at the time said steamer Rosalie landed at said Arlington dock, that she properly cast out her lines and they were properly fastened on the shore—and the court instructs you that it means by being properly fastened that she was fastened in the manner ordinarily fastened by said steamers—and that at about the time of the alleged accident another vessel put in alongside said steamer and fastened her lines to said Rosalie, and thereby drew said steamer Rosalie by force away from the dock and wharf, thereby allowing the gang-plank to fall and thereby injuring the plaintiff herein, then you are instructed that it was not the fault of the defendant herein, but the fault of the steamer fastening to and pulling said Rosalie away from the wharf.

" You are further instructed that if there was a reasonable opportunity for one other than the servants and employees of the defendant company herein to move said gang-plank and to place said steamer in an unsafe, careless, and negligent position, or to place said gang-plank in that position, then you will find for the defendant.   The defendant company, the court instructs you, is not liable for the acts or carelessness of persons other than its servants or employees, and, in order to charge the defendant

herein, it must prove by a preponderance of the evidence that said gang-plank was put out and maintained, as well as the lines to said vessel, by the officers, servants or employees of the defendant company herein, and not by some other or third person not in its employ."

We are of the opinion that the first part of this instruction, which was upon the theory that the defendant was not negligent and that the injury was caused by the steamer Thompson in forcibly pulling the Rosalie away from the wharf, so that the gang-plank fell while the plaintiff was upon it, was a proper one, based upon testimony introduced by the defendant, and should have been given had it been submitted as a separate instruction.    There was testimony to show that it was a common thing for one steamer to come up alongside of and tie to another steamer lying next a wharf, and that the same could be done safely and without danger under the exercise of ordinary care. Consequently there was no negligence on the part of the Rosalie in allowing the Thompson to make fast to her. But if in so doing the steamer Thompson was carelessly and improperly handled, so that she pulled the Rosalie away from the wharf and caused the plank to fall at the time the plaintiff was upon it, the Rosalie up to that time having been properly moored and secured to the wharf, and the gang-plank properly fastened, so that the defendant was not negligent, clearly there should be no recovery against the defendant, but against the owners of the other steamer negligently causing the injury.    Counsel for the plaintiff maintains that there was no error in refusing to give this instruction, for several reasons, the first of which is that the court instructed the jury that the plaintiff could not recover unless the defendant was negligent, and the court did so instruct the jury several times in about those words.    But we think the defendant was entitled to a more specific instruction to fit the particular facts

claimed by the defendant, there being proof to support it, where a request is made, because the jury might have inferred that the defendant was negligent in allowing the other steamer to tie to the Rosalie at all, but this clearly could not be so under the proofs in the case.    Another reason given is that the latter part of the instruction to the effect that there could be no recovery against the defendant, if there was a reasonable opportunity for one other than the employees of the defendant to move said gang-plank and place the steamer in an unsafe position after she had properly landed and the plank had been secured, was not a correct statement of the law; and we think this is true, because it was not only the duty of the defendant to see that the steamer was properly secured to the wharf, and the gang-plank placed from the wharf to the steamer and secured as well, but that it was its duty to exercise due care in maintaining it so, and the latter part of the instruction eliminated this feature.    There was some testimony going to show that the defendant was negligent in this particular.    It is not error to refuse to give an instruction which is partly erroneous, and while this one embraced two different subjects, that might well have been submitted as separate instructions, the defendant saw fit to submit it as one, numbered the fifteenth. Consequently error cannot be predicated upon the refusal of the court to give any part of it.    In the absence of a request for a specific instruction with reference to the particular facts, those given by the court were sufficient, and in other respects the instructions properly covered the case.

Affirmed.

ANDERS and REAVIS, JJ., concur.

GORDON, J., not sitting.

DUNBAR, J.—I concur in the result, but not for the reasons assigned.   I think the instructions complained of stated the law, and that those asked for by appellant, which had not already in substance been given by the court, did not state the law.