(June 3, 1915.)

## R. A. GRAHAM, Respondent, v. COEUR D'ALENE & ST. JOE TRANSPORTATION COMPANY, LIMITED, a Corporation, Appellant.

[149 Pac. 509.]

PLEADING—EVIDENCE—CONFLICT—PHYSICAL PAIN AN ELEMENT OF DAMAGE—MISCONDUCT OF JURY.

1.   In an action for damages for personal injury the complaint must state all facts necessary to inform the defendant of all acts or omissions relied upon for a recovery, but only ultimate facts need be pleaded.

2.   Although no damage is claimed because of loss of employment, evidence showing that plaintiff suffered inconvenience and pain after the accident in attempting to perform his work is competent as tending to show the extent of his physical injury and suffering.

3.   Where there is a substantial conflict in the evidence, a judgment based upon a verdict will not be disturbed upon appeal.

4.   Physical pain suffered by the plaintiff as a direct result of the accident is a proper element of damage, although the evidence fails to show that he sustained financial loss by reason of his injury.

5.   One of the attorneys for appellant filed his affidavit in support of a motion for a new trial, alleging that he had been told by members of the jury that the verdict was reached as the result of chance, and detailing certain purported facts which, if true, would amount to misconduct on the part of the jury. The respondent filed the affidavits of two members of the jury denying that chance was resorted to and showing that the conduct of the jury was in all respects, regular and proper. *Held*, that the trial judge was justified in reaching the conclusion that appellant's contention was not established.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for damages for personal injuries.   Judgment for plaintiff.   *Affirmed.*

Elder & Elder, for Appellant.

A careful reading of the complaint will disclose the fact that plaintiff failed to state a cause of action.   He has not

alleged or claimed damage from any permanent injury, and does not allege loss of earning capacity or loss of services by reason of the alleged injuries. The court should not have permitted the witness, Graham, testifying in his own behalf, to give evidence of his sickness and his inability to work unless he had connected the same with the injury which he alleged he received by reason of the negligence of the defendant.

In no place does the plaintiff connect his alleged nervousness and mental disorder with the alleged injury which he received at the hands of the defendant. (Hutchinson on Carriers, secs. 1425, 1427; *Maynard v. Oregon Ry. & N. Co.,* 46 Or. 15, 78 Pac. 983; 68 L. R. A. 477; *Wilkinson v. Detroit Steel & S. Works,* 73 Mich. 405, 41 N. W. 490; *Smith v. Postal Tel. & Cable Co.,* 174 Mass. 576, 75 Am. St. 374, 55 N. E. 380, 47 L. R. A. 323; *Mitchell v. Rochester R. Co.,* 151 N. Y. 107, 56 Am. St. 604, 45 N. E. 354, 34 L. R. A. 781; *Malcolm v. Richmond etc. R. Co.,* 106 N. C. 63, 11 S. E. 187.)

"The damages recoverable are dependent upon the circumstances of each particular case, and although the discretion of the jury must be largely depended on, the amount of recovery must be based on evidence." (*St. Joseph etc. R. Co. v. Hedge,* 44 Neb. 448, 62 N. W. 887; *Western Union Tel. Co. v. Simpson,* 73 Tex. 422, 11 S. W. 385; 13 Cyc. 136.)

Taylor & Hull, for Respondent.

It is an established rule of pleading that probative facts need not be pleaded. (*McLean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478; *Croft v. Northwestern Steamship Co.,* 20 Wash. 175, 55 Pac. 42; *Carscallen v. Coeur D'Alene etc. Transp. Co.,* 15 Ida. 444, 98 Pac. 622, 16 Ann. Cas. 544.)

Mental and physical suffering are elements of general damage, the amount of which must be left to the good sense and sound judgment of the jury, whose verdict should not be disturbed except in case of a clear abuse of discretion. This is regardless of the fact whether or not the injury is permanent, and whether or not loss of earning capacity or loss

of service has been alleged or proved. (*Horn v. Boise City Canal Co.,* 7 Ida. 640, 65 Pac. 145; *Denbeigh v. Oregon-Washington R. & N. Co.,* 23 Ida. 663, 132 Pac. 112; *Jones v. City of Caldwell,* 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119; *Tarr v. Oregon Short Line Ry. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957; *Eagle Packet Co. v. Defries,* 94 Ill. 598, 34 Am. Rep. 245.)

A person injured may be allowed to give testimony concerning his inability to perform his work in a proper manner after his injury for the purpose of proving the continuing effects of the same with regard to pain, even though no damage is claimed for loss of services. (*Louisville & N. R. Co. v. Kemp's Admr.,* 149 Ky. 344, 149 S. W. 835; *Craw v. Chicago City Ry. Co.,* 159 Ill. App. 100; *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545.)

When the facts are disputed negligence is a question for the jury. (*Wheeler v. Oregon R. & Nav. Ry.,* 16 Ida. 375, 102 Pac. 347; *Fleenor v. Oregon Short Line Ry.,* 16 Ida. 781, 102 Pac. 897; *Calkins v. Blackwell Lbr. Co.,* 23 Ida. 128, 129 Pac. 435; *Staab v. Rocky Mt. Bell Tel. Co.,* 23 Ida. 314, 129 Pac. 1078.)

"In estimating damages in case of injury to a person the jury may take into consideration the physical pain and mental suffering undergone by the plaintiff as a result of the injury inflicted. Where pain is claimed as an element of damage the impossibility of definitely measuring the damages by a money standard is no ground for denying pecuniary relief." (13 Cyc. 137; *Johnson v. Wells, Fargo & Co.,* 6 Nev. 224, 3 Am. Rep. 245, and cases cited; *Alabama Gt. Southern Ry. v. Burgess,* 114 Ala. 587, 22 So. 169.)

MORGAN, J.—This is an action for damages for personal injuries alleged to have been sustained by respondent while landing from appellant's steamboat "Flyer" at the end of a journey during which he was a passenger upon the boat. It appears that respondent on the 5th day of August, 1912, procured and paid for transportation upon the "Flyer" from a point known as Bogel's Landing to a point known as Sort-

ing Gap, which last mentioned place is a flag station where the steamboats of appellant stop when occasion requires to take on or discharge passengers or freight; that appellant owns no wharf or landing place there but makes use of the wharf of the St. Joe Boom Company; that on the occasion of the accident to respondent a tug belonging to the boom company was moored to the wharf and that a landing was attempted to be made by appellant's steamboat alongside the tug. There is conflict in the evidence as to whether or not a line was put out from the "Flyer" and made fast to the tug before the gangplank was placed in position for respondent to cross upon from one boat to the other, it being contended by respondent that no line was put out or made fast, while there was evidence introduced on behalf of appellant to the contrary. If a line was passed from the "Flyer" to the tug it had not been so adjusted, before the gangplank was put down and respondent went upon it, as to prevent the "Flyer" from drifting more than the length of the gangplank from the tug, for it is undisputed that while respondent was on the gangplank the end which had been placed upon the tug slipped off, throwing him into the water. It also appears that in falling respondent struck against the tug in such a manner that one of his ribs was broken.

It is contended by respondent and denied by appellant that before he went upon the gangplank he was directed to do so by one of the employees on the boat. Upon behalf of appellant it is contended, and denied by respondent, that as he was about to go upon the gangplank, he was warned by one of the officers of the boat not to do so.

While it is shown by the evidence that respondent required the services of a physician by reason of the injuries received, no claim is made for damages on account of expenses incurred in this behalf, neither does he rely upon loss of time or employment as an element of damages, nor is it shown that the injuries he received are permanent, but he does rely for a recovery upon the physical pain he suffered and the physical mental and nervous shock resulting from the accident.

The trial resulted in a verdict and judgment for respondent in the sum of $500. This appeal is prosecuted from the judgment and from an order overruling a motion for a new trial and appellant has presented twenty-four assignments of error in support thereof.

The first assignment is that the court erred in overruling the demurrer to the amended complaint, which demurrer is based upon the grounds, first, that said amended complaint does not state facts sufficient to constitute a cause of action, and, second and third, that said amended complaint is ambiguous, unintelligible and uncertain.

We find no error in the ruling complained of. The complaint states with definiteness and certainty the negligence of appellant in not fastening the steamboat to the tug; the fact that by reason thereof the gangplank slipped from the tug and that respondent was thereby thrown against the tug and into the water, and it describes his injuries and pain and suffering resulting therefrom.

In case of *McLean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478, this court said: "After a most careful consideration of all of the grounds of said demurrer, we cannot say that the court erred in overruling it. It is true that the complaint is not as specific as some pleaders would have made it, but we think the ultimate facts therein stated constitute a cause of action. In this class of cases the pleader must state all facts necessary to inform the defendant of all acts or omissions that are charged against the defendant, so as to enable him to make a full and complete defense thereto. It is an established rule of pleading that probative facts need not be pleaded." (See, also, *Croft v. Northwestern Steamship Co.,* 20 Wash. 175, 55 Pac. 42.)

Assignments numbered 2 to 11, inclusive, are directed to the action of the court in overruling certain objections and sustaining others to questions propounded to the witnesses at the trial. These assignments relate principally to the action of the court in the admission of evidence tending to show the effect of respondent's injuries upon him and that he suffered considerable inconvenience and pain in attempt-

ing to perform his work after the accident. The evidence was offered and admitted upon the theory that it tended to show the extent of the injuries and not in support of any claim of financial loss. Financial loss was not alleged in the complaint and the court instructed the jury upon this point to the effect that it could not, if it should find for respondent, allow him any damages for loss of time or for loss of earning capacity. Upon the theory above stated the rulings complained of were correct. (*Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Tarr v. Oregon Short Line R. R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

At the close of the testimony on behalf of respondent appellant moved for a nonsuit and when the proof on behalf of both parties was concluded this motion was renewed. Appellant also moved for an instructed verdict in its favor, all of which motions raised the question of the sufficiency of the evidence to sustain a verdict in favor of respondent. The court overruled the motions.

Assignments of error numbered 12 to 17, inclusive, question the sufficiency of the evidence. A careful examination of the record convinces us that neither of appellant's motions for nonsuit nor its motion for an instructed verdict should have been granted, and that the evidence, taken as a whole, is sufficient to sustain the verdict and judgment. The rule is well settled that a judgment will not be disturbed upon appeal when it is based upon a verdict where there is substantial conflict in the evidence. (See *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 144 Pac. 646, and cases therein cited.)

It is urged by appellant that since the evidence fails to show respondent sustained financial loss by reason of his injuries, and since his injuries are not permanent, he is not entitled to a judgment for more than nominal damages. We are not in accord with this contention. The evidence shows that, as a direct result of the accident, respondent suffered considerable physical pain, and this is a proper element of damage. (*Tarr v. Oregon Short Line R. R. Co., supra.*)

Assignments numbered 18 to 24, inclusive, present as erroneous certain instructions given and others refused by the court. The court's instructions to the jury, taken as a whole, correctly state the law applicable to the facts in this case. We find no error therein.

It is also contended by appellant that the jury resorted to chance in arriving at its verdict. The affidavit of one of appellant's attorneys was filed in support of a motion for a new trial, alleging that members of the jury had informed him that each juror wrote or caused to be written down the amount which he believed the respondent entitled to recover, and that the amounts were added and the sum so obtained was divided by twelve, which result was returned into court as the verdict of the jury. In opposition to the motion for a new trial respondent filed the affidavit of two members of the jury denying that such a method of reaching a verdict was resorted to, stating the manner in which it was reached and showing that the conduct of the jury was, in all respects, regular and proper. We conclude, as the trial judge no doubt concluded, that appellant's contention was not established.

We find no error in the record and the judgment of the trial court is affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.