## In re Certain Gambling Devices

*J. Stroud Weber*, district attorney, for petitioner.
*W. H. Rosenberry, Jr.*, contra.

KNIGHT, P. J., November 15, 1950.—On August 6, 1949, police officers seized certain articles of personal property, in a raid on a gambling establishment in the Borough of Bridgeport. William G. Garber and Grant Fullerton were indicted on the charge of setting up and maintaining a gambling establishment. Garber pleaded guilty and Fullerton was found guilty by a jury.

On May 15, 1950, the District Attorney of Montgomery County presented a petition for the condemnation of certain gambling devices, machines and other equipment. Among the articles sought to be condemned and destroyed, were a number of gambling devices, and also certain chairs and other articles seized in the raid on the Bridgeport establishment.

In this petition William G. Garber and Grant Fullerton were named as the alleged owners of the personal property described in the petition, and a rule was

allowed on these men, to show cause why the prayer of the petition should not be granted.

To this rule Garber filed no answer, but Fullerton, through his counsel, filed an answer, in which it was denied that certain of the articles sought to be condemned were used for the purpose of gambling within the meaning of the Act of March 31, 1860, P. L. 382, sec. 60, and averring that these articles were the sole property of Grant Fullerton. The articles so claimed as not subject to condemnation and destruction consist of chairs, stools, Masco sound system, automatic cashier, ash tray stands and a sanding machine.

An itemized list of these articles is marked exhibit A.*

It is apparent that none of the above mentioned articles are gambling devices, and there is nothing in the act (section 60 of the Act of March 31, 1860, P. L. 382), which authorizes the seizure and destruction of devices or furniture merely on the ground that it would be possible to use them for unlawful gaming: Wigton's Return, 151 Pa. Superior Ct. 337, 343.

---

* EXHIBIT A

Property seized August 6, 1949, by county detectives and Pennsylvania State Police, at 132-34 West Second Street, Bridgeport, Montgomery County, Pa., as the property of William G. Garber and Grant Fullerton:

1—Ticker tape machine, serial no. 10635; make—Teletype Corp.
1—Masco sound system, serial no. 29012; Model MA-25.
1—Brandt junior automatic cashier.
79—Maple chairs.
17—Chrome leather chairs.
4—Chrome swivel stools.
1--Chrome black chair.
6—Maple stools.
1—Model T 17 Clark sanding machine, no. 17 P-179.
1—Square table.
2—Collapsible chairs.
8—Ash tray stands.
1—Fiber waste basket.

In American Telephone and Telegraph Company's Appeal, 126 Pa. Superior Ct. 533, a teletype machine was held not to be a gambling device, although admittedly it was a highly important adjunct to the operation of the gambling establishment in which it was seized.

In Commonwealth v. Craig et al., 20 Wash. 177, sound equipment, consisting of an amplifier, speaker, microphone and phonograph records, were held not to be gambling devices although used in connection with a gambling establishment.

We have no difficulty whatever in finding that the articles described in exhibit A are not gambling devices, and hence are not proper subjects for condemnation and destruction.

The answer of Grant Fullerton was made and sworn to by his counsel, and the district attorney filed a motion to strike off the answer because it was not executed by Mr. Fullerton.

We are of the opinion that this motion must be overruled. The answer is duly executed by counsel for Mr. Fullerton. We know of no law that would require Mr. Fullerton to make the affidavit himself. Mr. Rosenberry states in his answer to the motion, that he is attorney-in-fact for Mr. Fullerton as well as his attorney-at-law. In either event he was the agent of Fullerton, and in our opinion was qualified to make the answer and make affidavit thereto. We do not feel that we can at this time, direct that the personal property described in exhibit A be returned to Grant Fullerton.

In the first place, strictly speaking, the question of ownership of these articles is not before us. In this proceeding, we have only to decide if these articles should be condemned and destroyed.

In the second place, the writer of this opinion presided at the trial of Mr. Fullerton, and heard him declare under oath, that he had no interest whatever in

the gambling establishment, and that he did not own any of the furnishings and equipment.

This testimony is part of the record in Mr. Fullerton's case: we cannot ignore it, we cannot make a mockery of the administration of justice, we cannot stultify ourselves by now declaring that this personal property belongs to Grant Fullerton and must be returned to him. We will dismiss the petition filed on May 15, 1950, asking for the condemnation and destruction of certain personal property insofar as the articles described in exhibit A, are concerned.

The question of ownership of these articles may be decided by such appropriate proceedings as those interested may decide to take.

And now, November 15, 1950, it is ordered and decreed that the articles of personal property described in exhibit A were not employed and used for the purpose of unlawful gaming, and the petition filed May 15, 1950, is, as to these articles, dismissed.