241 P.2d 1177

**WEBB et al. v. UNION PAC. R. CO. et al.**

No. 7756.

Supreme Court of Idaho.

March 11, 1952.

Ross B. Haddock, Shoshone, Parry, Keenan, Robertson & Daly, Twin Falls, Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for appellants.

Bryan P. Leverich, Salt Lake City, L. H. Anderson, and E. H. Casterlin, Pocatello, for respondents.

GIVENS, Chief Justice.

Appellants' amended complaint sufficiently alleged, in essence, the status and relationship of the parties, the relative position and geography of respondent Company's tracks and the intersecting streets and highways · in Shoshone, extent of the respective travel thereon, extent of asserted hazards, and:

## "X.

"That on the 27th day of March, 1946, while said Ottis H. Webb was approaching and traveling over the tracks of the defendant corporation on U. S. Highway No. 93, the defendant corporation, by and through its officials, servants and employees, so carelessly ·and negligently managed and operated its railroad system in the village of Shoshone and all of the defendants and their employees, servants and subordinates so carelessly and negligently managed and operated said railroad train No. 25 that said railroad train ran into and against the truck in which the said Ottis H. Webb was traveling, and thereby and as a direct and proximate result of all of such carelessness and negligence killed the said Ottis H. Webb.

## "XI.

"That the carelessness and negligence of the defendant corporation in the preceding paragraph mentioned were: a. That the defendant corporation, by and through its servants and employees drove said railroad train in the village of Shoshone and over said railroad crossing at a speed

greater than was reasonable under the circumstances, to-wit: at a speed of over 45 miles per hour. b. That the defendant corporation, by and through its servants and employees, failed and neglected to cause any whistle to be sounded or any bell to be rung when said train was 80 rods or more from said crossing, and failed and neglected to cause any whistle to be kept sounding or any bell to be kept ringing at intervals during the last 80 rods of said train's approach to said crossing, and that said defendants failed and neglected to give any audible warning whatsoever of the approach of said train to said crossing. c. That the defendant corporation wholly failed and neglected to provide any crossing watchmen or mechanical signals or devices at said crossing to warn persons using said crossing of the approach of said train.

"XII.

"That the carelessness and negligence of the defendant, Fred Moore, complained of in paragraph X hereinabove, were that the said Fred Moore permitted the engineer operating the locomotive in said train to drive said train as it approached and entered said crossing at speed much greater than was reasonable under the circumstances then existing, to-wit: at a speed of over 45 miles per hour."

dependency of deceased's mother, real party in interest; mortuary expenses for her son and resultant damages to her, and appropriate prayer for relief.

This complaint stated a cause of action. Wheeler v. Oregon R. R., etc., Co., 16 Idaho 375, 102 P. 347; Fleenor v. Oregon Short Line R. R. Co., 16 Idaho 781, 102 P. 897; Graham v. Coeur D'Alene, etc., Co., Ltd., 27 Idaho 454, at page 458, 149 P. 509; Burns v. Getty, 53 Idaho 347, at page 351, 24 P.2d 31; Hamilton v. San Francisco, N. & C. Ry., 48 Cal.App. 761, 192 P. 323.

Any one of the asserted acts of negligence in Paragraph XI of the complaint, if the proximate cause of the fatality as alleged in Paragraph X, if proved, barring contributory negligence and/or other defenses which might be interposed or develop at the trial, would entitle appellants to recover. Wheeler v. Oregon R. R., etc., Co., supra; Fleenor v. Oregon Short Line R. R. Co., supra.

■ Lack of contributory negligence, i. e., exercise of due care and caution by a driver crossing a railroad track is not required to be plead to state a cause of action for damages for a railroad's negligence. Section 5–816, I.C., Adams v. Bunker Hill, etc., Min. Co., 12 Idaho 637, at page 645, 89 P. 624, 11 L.R.A.,N.S., 844; Splinter v. City of Nampa, 70 Idaho 287, 215 P.2d 999, 17 A.L.R.2d 665; 71 C.J.S., Pleading, § 84, page 198.

■ Respondents' attack upon the complaint, by authority and argument, nowhere points out any deficiencies in the complaint, but urges the complaint should have combined what amounts to allegations of ex-

culpation—totally unnecessary. A cursory comparison of this complaint with the complaint dissected in Whiffin v. Union Pac. R. Co., 60 Idaho 141, 89 P.2d 540, shows the two complaints are entirely different. Contributory negligence so affirmatively appeared therein as to bar recovery—not so here. Herein, the essentials of a complaint in this kind of a cause of action appear without impairment; namely, proper party plaintiff, negligence of defendant, proximate cause, injury, resultant damages.

The general demurrer should not have been sustained.

Judgment reversed with orders to overrule the demurrer and reinstate the action. Costs to appellants.

PORTER, TAYLOR, THOMAS and KEETON, JJ., concur.