(March 8, 1886.)

# BRADBURY et al. v. IDAHO AND OREGON LAND IMPROVEMENT COMPANY.

## [10 Pac. 620.]

Practice—Special Findings—Verdict.—Where there is an inconsistency between the special findings and the general verdict of a jury, the special findings control the judgment.

Mechanic's Lien Law—Strictly Construed.—The mechanic's lien law must be strictly construed, and cannot extend beyond the express provisions of the statute.

Exceptions to Rulings of Court—When to be Considered on Appeal.—Exceptions to the ruling of the court upon the admission and rejection of the evidence may, when properly incorporated into a statement of the case, having been used upon the hearing of a motion for a new trial, be considered on an appeal from a judgment in the same manner as when brought up by a bill of exceptions.

Irrelevant Evidence—Not Ground for Reversal—When.—Irrelevant evidence is not sufficient ground for the reversal of a judgment when it does not prejudice the cause of the party excepting to it.

APPEAL from District Court, Alturas County.

F. E. Ensign, for Appellant.

As to when a general verdict will be set aside on the ground of inconsistency between special verdict and the general verdict. (*Baylis v. Travelers' Ins. Co.,* 113 U. S. 316, 5 Sup. Ct. Rep. 494.) When held that an action to embrace a mechanic's lien is an action at law. (Phillips on Mechanics' Liens, 5; *Coleman v. Freeman,* 3 Ga. 137; *Quimby v. Sloan,* 2 E. D. Smith, 615; *Ottey v. Hariland,* 36 Miss. 19; *Miller v. Wallingsworth,* 33 Iowa, 224.)

Huston & Gray, for Respondent.

There having been no exceptions taken to the verdicts, findings of fact or conclusions of law, the assigned errors thereto will not be considered by this court. (*Cogland v. Beard,* 67 Cal. 303, 7 Pac. 738; *Ainslie v. Idaho World Printing Co.,* 1 Idaho, 641; *People v. Hunt,* 1 Idaho, 433; *Fox v. West,* 1 Idaho, 782; *Guthrie v. Phelan,* ante, p. 95, 6 Pac. 107; *Young v. Martin,* 8 Wall. 354; *Bacon v. Robson,* 53 Cal. 399; Thatcher's Practice, p. 303, secs. 75, 81.) In equity cases the verdict is merely advisory; the judge may qualify, alter or set aside the verdict and find the facts. (*Sweetser v. Dobbins,* 65 Cal. 529, 4 Pac. 540; *Bates v. Gage,* 49 Cal. 126.) When a jury renders a general verdict and a special verdict, the latter will control the former if there is any inconsistency between them. (*Lees v. Clark,* 20 Cal. 387.) A corporation that has received and retained the consideration of a contract for its benefit, cannot deny its liability thereon on the ground the contract was *ultra vires. Main v. Casserly,* 67 Cal. 127, 7 Pac. 426; Sedgwick on Statutory and Constitutional Law, 73; *Bradley v. Ballard,* 55 Ill. 413, 8 Am. Dec. 656; *Pixley v. Western Pac. R. Co.,* 33 Cal. 198, 91 Am. Dec. 623; *Foulke v. San Diego R. R. Co.,* 55 Cal. 365.) A party who complains of the rejection of evidence must make it appear by his bill of exceptions or statement that if the evidence had been admitted it might have led the court or jury to a different result. (Thatcher's Practice, p. 302, sec. 72; *Packet Co. v. Clough,* 20 Wall. 528; *Roberts v. Unger,* 30 Cal. 676.) Where the charge of the court,

taken as a whole, fairly submitted the case to the jury, the judgment will not be disturbed because some instructions were refused which properly could have been given, or that some of those given are subject to verbal criticism. (*Evanston v. Gunn,* 99 U. S. 660; Thatcher's Practice, p. 153, sec. 19; *Brooks v. Crosby,* 22 Cal. 42; *Conroy v. Duane,* 45 Cal. 597; *Simers v. Eisen,* 54 Cal. 418; *Higgins v. Dewey,* 107 Mass. 494, 9 Am. Rep. 63.)

BUCK, J.—This action was brought to collect an acceptance for $6,774.49, payable in fifteen days from date, which had been protested, and was unpaid. The plaintiffs claim that said acceptance was given for a balance found due on settlement from defendant to plaintiffs for digging an irrigating ditch in Alturas county, Idaho territory; and pray the foreclosure of a mechanic's lien upon said ditch. The complaint also alleges that said ditch was dug upon contract, and sets out the contract therein. The answer admits the contract and the settlement, but alleges that, without defendant's knowledge or authority, the plaintiffs dug said ditch larger than the contract specified, and that the alleged settlement was made by them without knowing of said enlargement, and was procured by plaintiffs by fraud, and deny that a larger sum than $500 was due thereon.

The case was tried by a jury, and the following special questions were submitted to the jury, and answered, to wit: "1. Was the ditch constructed upon the survey made by the engineer in charge employed by the defendant corporation? A. Yes. 2. Did the dimensions of the ditch as laid out by the engineer in charge vary from the dimensions as stated in the written contract? A. Yes. 3. Were the changes and variations in the dimensions of the ditch made with the knowledge of Mr. Case, the vice-president and general manager of the defendant corporation, and by his direction? A. Yes. 4. Was there a settlement between the plaintiffs and defendant on the ninth day of June, 1883? A. Yes. 5. What amount was found to be due to plaintiffs from defendant upon such settlement? A. $16,774.49. 6. Did the defendant, by its general manager, R. E. Strahorn, give its acceptance to plain-

tiffs for the sum of $6,774.49 upon such settlement.    A. Yes."
The jury found a general verdict that there was due plaintiffs,
$4,274.49, and twenty per cent interest from date of accept-
ance.

The court found several findings of fact, and the following
conclusions of law: "Conclusions of Law: 1. That the plain-
tiffs are entitled to a judgment for $10,107.52; 2. That plain-
tiffs are entitled to a decree of foreclosure of the lien set forth
in their complaint; and it is so ordered."

The appeal is taken from the order overruling a motion for
a new trial, and from the judgment, and is brought upon a
statement of the case.

The record assigns as error: "1. That the first four findings
of fact by the court are not sustained by any findings or spe-
cial verdict of the jury; 2. That the court erred in making
any finding of facts after the cause had been once submitted
to a jury; 3. That the court erred in its first conclusion of
law, in that it is in conflict with the general verdict of the
jury, and because there is no finding of fact by the jury au-
thorizing it; 4. That the conclusion of law that the plaintiffs
were entitled to a foreclosure of the mechanic's lien is not sup-
ported by the evidence, in that the evidence does not show that
it was filed of record within thirty days after the work was
done, and that the notice itself shows that it was only intended
as a lien upon a ditch as originally contracted for; 5. That
the court erred in decreeing a foreclosure of the lien for the
full amount, because the damages allowed for protest are not
secured by the lien."

There are also other alleged errors which will be considered
hereafter.    The alleged error of rendering judgment for a
different amount than specified in the general verdict seems
not well taken.    Section 385 of our code provides that where
special findings of fact are inconsistent with the general ver-
dict, the former control the latter, and the court must give
verdict accordingly.    There is an inconsistency between the
special findings of fact and the general verdict, but the judg-
ment is in accordance with the special findings, and is valid
under said section of the code.

The alleged error that the conclusion by the court that the plaintiff was entitled to the foreclosure of his mechanic's lien was error seems not well taken, as the evidence shows the plaintiffs to have been original contractors, and entitled to sixty days in which to file their lien.

The objection to the decree of foreclosure on the ground that the lien, if allowed, could not cover damages for protesting the acceptance, seems well taken. The lien exists only by force of the statute, and cannot exceed the express provisions thereof. Section 815 of our code provides that the lien is for work, labor, or material done and furnished, and section 827 allows the lien to extend to moneys paid for filing and recording the same. It cannot be extended beyond these items. (1 Jones on Mortgages, sec. 360; Phillips on Mechanics' Liens, sec. 204.)

In the statement of the case are several exceptions to the ruling of the court in the admission or rejection of evidence. It is maintained by respondents that such exceptions can only be brought up on a bill of exceptions. Section 413, subdivision 3 of the code, provides that if a motion for a new trial is to be made upon a statement of the case, the moving party must prepare the statement. When the notice of motion designates errors in law occurring at the trial as the ground relied on in the motion the particular errors relied on shall be specified therein. The code seems to make no distinction between the errors to be brought up in a bill of exceptions and on a statement. It seems to leave it optional with the aggrieved party as to which method he will adopt. A statement of the case can only be made upon a motion for a new trial. Upon a simple appeal from the judgment no statement is authorized. A statement once made may be used on appeal from a judgment, under section 653 of the code, and, under the authorities, it seems that a statement can be so used on an appeal from a judgment only when first used on a motion for a new trial. (Hayne on New Trial and Appeal, sec. 254.) In other respects a statement and bill of exceptions are similar. (*People v. Crane,* 60 Cal. 279; *People v. Lee,* 14 Cal. 510; *Purdy v. Steel,* 1 Idaho, 216; *People v. Hunt,* 1 Idaho, 436.) We are of the opinion that exceptions

to the ruling of the court in admitting or rejecting evidence may be considered on a statement, where a statement is authorized, the same as in a bill of exceptions.

Examining these alleged errors, we find that the rulings of the court sustaining objections to certain questions specified in the fifth assignment of error are in harmony with established rules of evidence. The first question is, "What conversation, if any, was had at the time of making the contract?" The written instrument itself contains the final result of their conversation, and what they said outside of it was immaterial. "2. Did you inform plaintiff Bradbury that you had no authority to contract for a larger ditch than that specified, and that a different contract would not be ratified?" The issues made by the pleadings were, Was the ditch dug and accepted? The preliminary conversations of parties would be irrelevant to these issues, and were properly rejected. The evidence admitted under objections in assignments of error Nos. 1, 2, 3, and 4 went, generally, to the progress of the enterprise, and, while apparently not relevant to the chief issue of the acceptance of the ditch as completed by the defendant we cannot see that it in any way prejudiced defendant's case.

We think the instructions present the issues in the case fairly to the jury, and that no matter material to the appellant's cause was omitted.

Judgment affirmed as to judgment, and decree for foreclosure of lien modified by striking from the amount the penalty for protest.

Hays, C. J., and Broderick, J., concurring.