[Sac. No. 324.   Department Two.—February 18, 1898.]

SAMUEL MARCHANT, Appellant, v. JOHN HAYES et al., Respondents.

MECHANICS' LIENS—TIME FOR FILING CLAIMS—CESSATION OF WORK ON UNFINISHED BUILDING—PREMATURE CLAIMS.—Cessation from labor for the period of thirty days upon an unfinished building, which the owner has not abandoned his intention to complete, fixes the date when and after which it is deemed complete, for the purpose of claiming liens thereon, and claims of lien filed before the expiration of such period of thirty days are premature, and cannot be enforced.

ID.—LABORERS EMPLOYED BY CONTRACTOR—VOID CONTRACT—LOSS OF LIENS—PERSONAL LIABILITY CONFINED TO CONTRACTOR.—Where laborers employed by a contractor who was working under a void contract, not filed for record, have lost their claims of lien, they are entitled to personal judgment only against the contractor, and not against the owner of the property, nor against one who had obtained permission from such owner to build a house thereupon.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

Walter G. Bonta, and J. B. Curtin, for Appellant.

F. W. Street, for Respondent.

HENSHAW, J.—Marchant, the appellant, was a lien claimant and the assignee of other lien claimants. He sought by his action to foreclose a mechanic's lien. By the decision of the court he was denied a lien and awarded only a personal judgment against the contractor, Hayes. He appeals from the judgment and presents for consideration the judgment roll alone. It must therefore be concluded that the findings which are within the issues were supported by evidence not before us.

By these findings it appears that defendant Chute obtained permission from the Coast Development Company to erect a house upon its land. Under his license he entered into a contract with John Hayes for the construction of the building. The contract price was two thousand one hundred dollars. The contract was not recorded, and was therefore absolutely void. The contractor prosecuted his work until the fifth day of November, 1894, when work was entirely abandoned and the dwelling left in an incomplete and unfinished condition. The court finds that on the fifth day of November "said building was not completed or finished, nor was it completed or finished at the time the plaintiff and each of said persons who assigned their claims of liens to plaintiff filed their claims of lien, nor during said time had the defendant, Richard Chute, abandoned said building, nor had there been a cessation of labor on said building for thirty days when each of said claims of lien were filed and recorded in the recorder's office." In accordance with this finding the court held the lien claims to have been prematurely filed, and rendered judgment accordingly.

Assuming, as we must, that this finding was supported by the evidence, the judgment was proper. Cessation from labor for the period of thirty days upon an unfinished building fixes the date when and after which it is deemed for the purpose of liens to be complete. Thereafter a lien claimant is allowed thirty days within which to file his claim of lien. It is true, as is said in *Schwartz v. Knight,* 74 Cal. 432, that, if it be made to appear that within the thirty days the owner has abandoned his original design, or that his original design was never to

complete the building fully, in such cases the building should be held to be completed, within the meaning of section 1187, from the time it was so completed in part, or from the time when the owner abandoned his original intention to complete it. But such is not the case here presented. It is affirmatively found that during the thirty days cessation of labor Chute had not "abandoned said building." This language, while perhaps open to criticism for ambiguity, we think fairly means that he had not abandoned his intention to complete the building.

Appellant argues upon the theory that the findings are consonant with a "clear inference" that the Coast Development Company, the owner of the land, had abandoned its intention to complete the building, and that therefore a lien should have been decreed against its property. But the Coast Development Company never evinced any intention either to build, to complete, or to abandon. Chute, who entered into the contract, was its licensee. His was the design to cause to be erected and completed the building, and while it is true that the Coast Development Company's land might have been subjected to a lien for its witting failure to give the notice discharging it of responsibility, which is contemplated by section 1192 of the Code of Civil Procedure, it could, under the facts of the case, be subjected to no other peril or risk. No personal judgment could be given, either against Chute or the corporation. (*Southern etc. Co. v. Schmitt,* 74 Cal. 625; *Davies etc. Co. v. Gottschalk,* 81 Cal. 641; *First Nat. Bank v. Perris elc. Dist.,* 107 Cal. 55.) Neither the plaintiff nor any of his assignors was employed to labor by either Chute or the corporation. The court finds in each instance that these laborers were employed by John Hayes.

The lien claims, then, having been prematurely filed, John Hayes, the contractor and employer of the lien claimants, was the only one against whom a personal judgment could properly have been rendered.

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.