(December 23, 1913.)

## L. JENSEN, Respondent, v. GEORGE E. BUMGARNER and G. C. BAKER, Appellants.

[137 Pac. 529.]

FORECLOSURE OF MECHANIC'S LIEN—NEGLECT TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW—REVERSIBLE ERROR—SPECIAL FINDINGS OF FACT BY JURY.

1. An action to foreclose a mechanic's lien is an action in equity.

2. A judgment will be reversed and the cause remanded when the trial court fails to make findings of fact and conclusions of law in an action to foreclose a mechanic's lien.

3. There must be a finding of fact upon each and every material issue made by the pleadings, and the failure to so find upon each and every material issue is ground for reversal.

4. Special findings of fact upon proper interrogatories may be found by a jury in an action to foreclose a mechanic's lien. Such findings, however, are merely advisory to the court, and may be adopted, either in whole or in part, or rejected, and the court may make its own findings of fact and conclusions of law.

5. When a jury is instructed by the court to return a general verdict of indebtedness only in an action to foreclose 'a mechanic's lien, and there are no proper interrogatories submitted to the jury from which special findings of fact are found by the jury and

adopted by the court, and where the court makes no findings of fact based upon the issues made by the pleadings, and there are no conclusions of law made by the court, the judgment is void as well as erroneous, and the failure of the court to make findings of fact and conclusions of law is reversible error.

APPEAL from the District Court of the Seventh Judicial District for Canyon County.   Hon. Ed. L. Bryan, Judge.

An action to foreclose a mechanic's lien.   *Reversed.*

J. F. Colvin and J. C. Johnston, for Appellants.

The judgment entered by the court below is void for want of findings of fact and conclusions of law upon the equities of the case, as a foreclosure of a mechanic's lien is an equitable action and the general verdict of the jury will not sustain a judgment without findings of fact and conclusions of law by the court, and the judgment was entered upon a general verdict of the jury, without any findings whatever, or without the submission of special findings to the jury as advisory to the court, and which if done he might adopt as his findings. (*Penninger Lateral Co. v. Clark,* 22 Ida. 397–407, 126 Pac. 524.)

G. W. Lamson, for Respondent.

The case of *Penninger Lateral Co. v. Clark,* 22 Ida. 397, 126 Pac. 524, is one in which the question of submitting questions of fact to a jury arose where there was a cross-action in an equitable matter, and does not reach the question of making findings of fact and conclusions of law in a foreclosure case.

Where a jury has been called to decide questions of fact it is not proper or necessary for the court to find and file findings of fact and conclusions of law.   (*Jenkins v. Commercial Nat. Bank,* 19 Ida. 290, 113 Pac. 463.)

BUDGE, District Judge.—This action was instituted by the respondent to recover from the appellants $30.90 upon a contract alleged to have been entered into by the respondent

and the agents of the appellants for work and labor performed and material furnished in painting and tinting certain rooms in a building owned by the appellants, situated in the city of Nampa, Canyon county, and for the foreclosure of a mechanic's lien. Judgment was awarded the respondent for the amount prayed for in respondent's complaint, together with court costs and attorneys' fees, amounting in all to $120.35. This appeal is from the judgment and also from the order denying and overruling the appellant's motion for a new trial.

The complaint is in the usual form, alleging the contract and indebtedness, the filing and recording of the mechanic's lien, the costs incident thereto, and further alleging that $50 is a reasonable attorney's fee for bringing and maintaining the action, and prays judgment for the amount claimed to be due, together with costs, including attorneys' fees, and that a decree of foreclosure be issued, and thereunder the property be sold to satisfy said indebtedness, attorneys' fees and costs.

To this complaint the appellants filed an answer denying specifically the material allegations of the respondent's complaint, and by way of affirmative relief alleging a tender, which offer and tender was so made by the appellants in order to avoid the costs and expenses necessary to be incurred in defending this action.

The errors relied upon by the appellants and upon which they base their grounds for a reversal of the judgment entered in this case are not separately set out in the appellants' brief, and in order to determine the questions raised by the appellants it becomes necessary to segregate the grounds or errors relied upon.

In passing we would suggest that it seems to us that the better practice would be to assign and discuss each error relied upon separately under separate heads, and support these assignments of error by citation of authorities in order that it might be clearly ascertained from the brief the errors assigned and relied upon by counsel.

We gather, however, from the appellants' brief that there are four errors urged by counsel for the appellants upon which they seek to have the judgment in this case reversed and the case remanded, to wit:

1. The insufficiency of the evidence to support the verdict of the jury.

2. That the verdict of the jury is contrary to instructions Nos. 2 and 4 given by the court of its own motion.

3. That instructions Nos. 3 and 5, also given by the court of its own motion, were erroneous and did not state the law applicable to the testimony in this case.

4. That the judgment of the court was void as well as erroneous, for the reason that the said judgment was based solely upon the general verdict of the jury; that there were no special findings of fact found by the jury, and that there were no findings of fact or conclusions of law by the court.

The fourth assignment of error, in our judgment, is decisive of this case. We will, therefore, refrain from discussing the first three assignments of error as herein enumerated. This is an action in equity wherein the respondent seeks to subject the property of the appellants to the payment of the indebtedness alleged to be due by foreclosure and sale. That being true, it was necessary for the court to make findings of fact and conclusions of law as a basis for the judgment entered herein. While it was discretionary with the court to submit to the jury proper interrogatories from which the jury might make special findings of fact in this case, such findings of fact by the jury would be advisory only to the court, which special findings the court could adopt or reject either in whole or in part, and if the jury failed to find upon each and every material issue raised in the pleadings, it nevertheless became the duty of the court to make findings of fact covering each and every material issue raised by the pleadings and thereafter to make conclusions of law supported by the findings of fact, upon which findings of fact and conclusions of law the judg-

ment of the court should be based. (Sec. 4407, Rev. Codes; *Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416.)

In this case the judgment is based solely upon the general verdict of the jury. The verdict of the jury is nothing more than a general finding of indebtedness, and was not a finding of fact upon all of the material issues raised by the pleadings. There were no findings of fact or conclusions of law by the court.

"Where the court omits to find on all of the material issues, the judgment must be reversed." (*Standley v. Flint,* 10 Ida. 629, 79 Pac. 815.)

"If the findings of fact do not support the judgment, the judgment must be reversed." (*Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434.)

"Findings of fact must be responsive to all the material issues raised by the pleadings," and conclusions of law that are not based upon the findings of fact as made by the pleadings will not support a judgment. (*Carson v. Thews,* 2 Ida. 176, 9 Pac. 605.)

We are not unmindful of the rule that in the absence of a showing to the contrary it will be presumed that the court made all necessary findings of fact, or that such findings were waived, but in this case exception was taken by the appellant to the instructions of the court directing the jury to find a general verdict. It further affirmatively appears that the court directed the jury to find a general verdict only, and that the jury, in pursuance of the court's instructions so found, upon which general verdict the judgment of the court is based and upon that alone. This was reversible error. (*Penninger Lateral Co. v. Clark,* 22 Ida. 397, 126 Pac. 524.)

Counsel for respondent calls our attention to the case of *Jenkins v. Commercial Nat. Bank,* 19 Ida. 290, 13 Pac. 463, as a case in point where findings of fact and conclusions of law were made by the court and held by this court to have been unnecessary. That case, however, is in no way similar to the one now under consideration. Counsel evi-

dently failed to note the distinction between that case and the one at bar. That was not an action in equity, but an action at law for damages for the wrongful foreclosure of a chattel mortgage, while this is a suit in equity to foreclose a mechanic's lien. The findings of fact made by the court in the case of *Jenkins v. Commercial Nat. Bank, supra,* were in accordance with the general verdict of the jury, and the judgment of the court was based upon the verdict of the jury. That being true, the judgment rendered was not invalid.

We feel that it would not be out of place at this time to call attention to the trivial amount involved in this appeal. It is true, in the abstract, the right of appeal under our constitution lies to the superior court, no matter how small the amount may be, but when there are no constitutional questions involved, or the right of personal liberty, and the amount, as in this case, is so small, the cost to the litigants, the time consumed by the court in determining this character of litigation not only imposes financial hardship upon the parties to the action, but also upon the taxpayers, and should be taken into consideration by the parties interested, and, if possible, an agreement reached that this character of litigation might be avoided.

The evidence offered in support of the contract sued upon in this action, viewed in the light of creating a lien upon the premises of the appellants that would justify a judgment decreeing the foreclosure and sale of the same, is unsatisfactory. While, upon the other hand, it is admitted that the labor was performed and the material furnished, for which the verdict of the jury as given would seem to be reasonable, however, as above stated, this action must be remanded, and it therefore becomes unnecessary for us to pass at this time upon the sufficiency of the evidence or to determine the errors of law, if any there are, in the instructions of the court.

The judgment is *reversed,* and the action remanded with directions to the court to take further proceedings in accord-

ance with the views herein expressed.   Costs awarded to the appellants.

Ailshie, C. J., and Sullivan, J., concur.

Petition for rehearing denied.