(March 13, 1916.)

## L. JENSEN, Respondent, v. GEORGE E. BUMGARNER and G. C. BAKER, Appellants.

[156 Pac. 114.]

APPEAL—CONFLICT OF TESTIMONY—INSUFFICIENCY OF THE EVIDENCE.

1. It is the settled law of this state that an appellate court will not disturb the findings or judgment of the trial court, where there is a substantial conflict of the evidence. This rule applies with equal force in actions at law and suits in equity, where a trial is had on oral evidence.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action to foreclose a mechanic's lien.   *Affirmed.*

J. F. Colvin and J. C. Johnston, for Appellants.

G. W. Lamson, for Respondent.

Counsel cite no authorities on point decided.

COWEN, District Judge.—This action was instituted by the respondent to recover from the appellants $30.90 upon a contract alleged to have been entered into by the respondent

and the agents of the appellants for work and labor per-
formed and material furnished in painting and tinting cer-
tain rooms in a building owned by the appellants, situated in
the city of Nampa, Canyon county, and for the foreclosure
of a mechanic's lien. Judgment was awarded the respond-
ent for the amount prayed for in respondent's complaint,
together with court costs and attorney's fees, amounting in
all to $133.50. This appeal is from the judgment.

This case is now before this court for the second time.
The opinion in the former appeal will be found in 25 Ida.
355, 137 Pac. 529, in which will appear a somewhat more
detailed statement of the proceedings. The first appeal was
from the judgment and from an order denying defendants'
motion for a new trial. The case was reversed and remanded
on the ground that the trial court had failed to make find-
ings of fact and conclusions of law. Upon its return to the
district court, the parties to the action entered into a stipu-
lation, to the effect that the trial judge who heard the evi-
dence in the original trial might consider the matter anew
upon the transcript of the evidence which had been used on
the first appeal. The judge thereupon made his findings
and conclusions, and entered judgment for the plaintiff.

Some ten assignments of error are made upon the appeal,
but they are all based upon the one contention, that the evi-
dence was insufficient to support the findings and judgment.
The court found, among other things, "That on or about
the first day of April, 1912, the defendants authorized P. M.
Bloom and H. P. Ross, . . . . to contract for the repair of
the said building, and that the said P. M. Bloom and H. P.
Ross were the agents of the defendants and had charge of the
repairs of said building."

The whole controversy on this appeal centers around this
one finding, and if there is any evidence in the record at all
to support it, the judgment ought to be affirmed, as the rule—
so firmly established by a long line of judicial opinions in this
jurisdiction, as to require no citation of authorities to support
it—is to the effect that the appellate court will not disturb
the judgment of a trial court, because of conflict in the evi-

dence, where there is sufficient proof, if uncontradicted, to sustain it.

While we still think, as held in the former opinion, that the proof is somewhat unsatisfactory to sustain the judgment, yet there is some evidence to base it on. Upon the disputed question Dr. Ross testified: "They [the defendants] said they would go down and look for a man and send him up, and for me to show him what I wanted done." Dr. Bloom also testified: "They [the defendants] said they would send a man up and for Dr. Ross to show him what to have done." And further: "They said they would go down and send a man up and for him [Dr. Ross] to have done whatever was necessary to have done."

The specification of error on this point having been determined adversely to appellants' contention, and the other specifications being based upon this one, they, also, should be resolved against them.

The judgment of the lower court is affirmed, with costs to respondent.

Budge and Morgan, JJ., concur.