(April 28, 1916.)

## O. L. HELLEBRANT, Respondent, v. S. W. KENT, Appellant.

[157 Pac. 780.]

VERDICT—INSUFFICIENCY OF EVIDENCE.

   1. *Held,* that the evidence is not sufficient to support the verdict.

   [As to right to recover on a contract, see note in 59 Am. St. 283.]

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. J. J. Guheen, Judge.

Action to recover for labor and services alleged to have been performed for the defendant. Verdict and judgment for plaintiff. *Reversed.*

John A. Bagley, for Appellant, cites no authorities.

R. M. Terrell, for Respondent.

Where there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed on appeal. (*Ainslie v. Idaho World Printing Co.,* 1 Ida. 641; *Chamberlain v. Woodin,* 2 Ida. 642, 23 Pac. 177; *Coffin v. Bradbury,* 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715; *Quirk v. Sunderlin,* 23 Ida. 368, 130 Pac. 374; *Meeker v. Trappett,* 24 Ida. 198, 133 Pac. 117; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646.)

SULLIVAN, C. J.—This action was brought to recover $279.75 for labor and services alleged to have been performed for the defendant. The case was brought in a justice's court and thereafter appealed to the district court, where the case was tried *de novo.* The defendant answered, denying each and every of the allegations of the complaint. Upon the issues thus made the case was tried in the district court with a jury and verdict was rendered in favor of the defendant for $275, and judgment entered for that amount. The appeal is from the judgment.

It appears from the record that the defendant and others were the owners of three stallions and that they sold them to one Smythe, of Logan, Utah. Said Smythe employed the plaintiff to take care of said horses at the Farmers' Feed Yard, in Pocatello, at $2.50 per day, and when Smythe came to settle with plaintiff there was a difference of $62 between them. Smythe claimed that the plaintiff's services amounted to $250 and that he had paid him thereon $62, leaving a balance due plaintiff of $188, which he offered to pay, but plaintiff declined said offer and claimed that Smythe owed him $250 in addition to the $62 which he had already received.

The main question presented is whether or not said Smythe owned the horses and hired plaintiff to care for them. There was no dispute in the evidence that Smythe hired plaintiff, but plaintiff contended that Smythe was acting as the agent of the defendant. Plaintiff admitted on the trial that Smythe was in charge of the horses and hired him to care for them and made all arrangements with him. It was admitted that if Smythe were present he would testify that he employed plaintiff and was liable for his services and offered to pay him $188, which he claimed was the balance due, and that the defendant had nothing to do with the transaction whatever, and was in no wise liable for plaintiff's wages.

The defendant also testified that he had nothing to do with the hiring of plaintiff and did not promise to pay him; that he had nothing to do with the matter further than that he and his associates had sold the horses to Smythe, and that he (the defendant) was simply looking after the matter in order to get his pay from Smythe for the horses.

The witness Bartlett was present when Smythe hired plaintiff, and he testified that Smythe hired him and told him that the horses were his. The plaintiff testified that he asked Smythe for some part of his wages during the time of his employment, and Smythe informed him that the "boss," referring to Mr. Kent, would be up in a few days, when he would get some money and pay him. The evidence further shows that Kent came to Pocatello and Kent testified that he

loaned Smythe some money, a part of which was paid to plaintiff.

It also appears from the evidence of the plaintiff that at one time when Kent was in Pocatello the plaintiff was complaining about not receiving his wages and threatened to quit work, and Kent said to him, ''You need not worry; I will see that all these bills are paid.'' And the plaintiff testified: ''I said, 'Mr. Kent, if you was not behind the horses I would not do another tap.' He said, 'All right, I will see that you are paid.' ''

There is other evidence in the record tending to show that Kent had talked with others in regard to their trying to sell the horses, and the jury evidently concluded that the horses belonged to Kent and that he was liable for the wages of the plaintiff. Evidently Kent was interested in having Smythe sell the horses, and from his own testimony it would appear that the only interest he had in the matter was in case Smythe received notes in payment for the horses he would have to accept such notes in payment from Smythe for said horses, and he was interested in seeing that the notes were good and made by responsible parties.

We have in the record the positive evidence of Kent and Strong, two of the former owners of the horses, and of Smythe that the horses had been sold to and purchased by Smythe, and the further evidence that Smythe told the plaintiff at the time he hired him that he, Smythe, was the owner of the horses; that when plaintiff came to settle for his wages he tried to settle with Smythe, and he and Smythe could not agree as to the amount due. He thereupon sued the defendant, Kent.

From the entire evidence we do not think it is sufficient to support the verdict of the jury. All of the circumstances of the case show that Kent was anxious that Smythe should make a sale of the horses, but there is not sufficient evidence to show that Kent and his associates were the owners of said horses, and that Kent was liable for the wages of the plaintiff.

We find no substantial conflict in the evidence as to the ownership of the horses, and the evidence is not sufficient to

show that defendant was personally responsible to the plaintiff for his wages sued for in this action.

The judgment is therefore reversed, a new trial granted and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

Costs awarded to the appellant.

Budge, J., concurs.

MORGAN, J., Dissenting.—The evidence in this case is conflicting as to the ownership of the horses and as to whether Smythe acted in his own proper person in employing respondent, or whether he acted as agent for appellant. No rule is better settled in this state than that this court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it. Among the recent cases so holding is *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 144 Pac. 646, *Graham v. Coeur d'Alene & St. Joe Transp. Co.,* 27 Ida. 454, 149 Pac. 509, *Bower v. Moorman,* 27 Ida. 162, 147 Pac. 496, *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660, *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114, and *John V. Farwell Co. v. Craney, ante,* p. 82, 157 Pac. 382 (register No. 2733). The reason for this rule is that the jury is the exclusive judge of the credibility of the witnesses and of the weight and sufficiency of the evidence. It was within the province of the jury to, and it apparently did, discredit the testimony adduced by appellant to sustain his contention, and it is not for this court to say that it erred in returning the verdict it arrived at from the conflicting evidence before it.

I am convinced that had there been no evidence offered conflicting with that introduced by respondent to show that appellant owned the horses and that Smythe acted as his agent, it would have been deemed to be sufficient to sustain the verdict in respondent's favor. For this reason I am of the opinion the judgment should be affirmed.