(August 15, 1925.)

ERNEST J. LUS, Respondent, v. VINCENZO PECARARO, Appellant.

[238 Pac. 1021.]

PLEADING AND PRACTICE — ACTION TO REFORM AND FORECLOSE A MECHANIC'S LIEN—WHEN MONEY JUDGMENT MAY BE GIVEN—INSUFFICIENT SPECIFICATION — WHEN FINDING WILL NOT BE DISTURBED—ASSIGNMENT OF ERROR—WHEN INSUFFICIENT.

1. Where the complaint is to reform and foreclose a claim of mechanic's lien and the court finds that the plaintiff is not entitled to have the claim of lien reformed and it is not sufficient as a lien, but finds claimant is entitled to a money judgment for wages earned, the court may give judgment for the value of the services performed if the complaint states sufficient facts to support such a judgment. In such case, unless the defendant makes timely demand for a jury trial upon the issue of law presented by the complaint, the entry of a money judgment upon a trial by the court will not be disturbed.

2. A specification that a finding is not supported by the evidence, without designating the particulars in which the evidence fails to support the finding, is not sufficient, under C. S., sec. 6886, unless it is intended merely to specify that there is no substantial evidence to support the findings.

3. A finding of fact in a suit in equity, or in an action at law, made by a trial judge, will not be disturbed because there is a conflict in the evidence, if there is substantial evidence to support the finding.

4. An assignment that the findings and conclusions as a whole do not support the judgment, without specifying any particulars, is too general to be considered.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to reform and foreclose a mechanic's lien. Judgment for plaintiff. *Affirmed*.

Publisher's Note.

1. Right to personal judgment in action to foreclose mechanic's lien, see note in Ann. Cas. 1912A, 129. See, also, 18 R. C. L. 992.

E. V. Boughton, for Appellant, cites no authorities.

Frank Langley, for Respondent and Cross-appellant.

The findings and judgment of the trial judge, if supported by substantial evidence, though conflicting, will be affirmed on appeal. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Woodland v. Hodson,* 35 Ida. 514, 207 Pac. 715; *Harvey v. Brett,* 36 Ida. 126, 209 Pac. 209.)

An attorney's fee is allowed in suits for wages. (C. S., sec. 7380.)

A personal judgment in favor of claimant against his debtor is proper in an action where claimant fails to establish his lien. (27 Cyc. 433.)

If an employer fails or refuses on demand to pay a laborer his wages when same become due or owing, the laborer may collect wages at the same rate for thirty additional days, if the employer continues that long in default. (C. S., sec. 7381.)

WILLIAM A. LEE, C. J.—This action was commenced to foreclose a claim for a mechanic's lien for labor alleged to have been performed in the repair and improvement of a certain dwelling-house belonging to appellant. The claim of lien described the premises upon which the building stood as being located on Lot 3, sec. 6, T. 47 N., R. 3 W., B. M., Kootenai county, Idaho, when in fact it was located in the northeast corner of Lot 4, in said sec. 6, T. 47 N., R. 3 W., B. M. The prayer was for a reformation of the claim of lien as to the error in the description mentioned, and a foreclosure of the same; the amount prayed for was the sum of $229.50, interest and attorney's fees, and a penalty of $135 for the thirty days which respondent alleged appellant had been in default of payment after demand had been made for the principal sum earned for the labor at $4.50 per day. This penalty is claimed under C. S., sec. 7381. It was alleged that more than five days before the action was commenced appellant was served with

a written demand for the payment of $229.50 for said services. The answer denied the material allegations of the complaint and by way of counterclaim sought to recover from respondent the reasonable rental value of this building that was occupied by respondent and his family during the performance of this labor; and also for the rental value of the orchard connected with said premises. The cause was tried by the court without a jury and it made findings and conclusions in favor of respondent for the amount of wages claimed but refused to reform the claim of lien or allow the penalty claimed by respondent under the statute, and entered a money judgment for $229.50 with costs, and $25 attorney's fees. This latter amount appears to have been allowed under C. S., sec. 7380, which provides that whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least five days before the suit was brought, for a sum not in excess of the amount found due, it shall be the duty of the court to allow a reasonable attorney's fee in addition to the amount found due.

Appellant moved for a new trial which was denied and from the order overruling his motion and from that judgment he appeals upon a number of assignments that: (1) the court erred in entering judgment against him; (2) in denying his motion for a new trial; (3) in allowing the cost of preparing and filing the lien; (4) in allowing attorney's fees; (5) in not allowing damages for use and occupation of the property; (6) in disallowing damages for loss of the rental value of the property; (7) in not requiring plaintiff to elect whether he would proceed to foreclose his lien in equity or proceed in an action at law to recover wages.

Appellant's assignment that the court erred in not requiring plaintiff to elect whether he would proceed to fore-

close his lien in equity or proceed on the law side to recover wages is not considered in appellant's brief, as required by Rule 42 of this court. The rule requires that the brief of the appellant shall contain a distinct enumeration of the several errors relied on. Briefs of both parties shall state the several propositions of law claimed to be involved in the case and the authorities relied upon for the support of the same separately from the argument. The points and authorities must be first distinctly stated and the argument set forth supplementary thereto. Appellant's brief contains the assignment as required by the rule but nowhere contains any further reference to the same. Nor does it appear from the record that appellant made any demand during the trial of the case that it be tried as an action at law or that a jury trial was demanded. The record is, therefore, insufficient to present the question that might have been raised by the assignment. (*Davenport v. Burke,* 27 Ida. 464, 149 Pac. 511; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669.)

Primarily, the complaint in this case was to reform a claim of mechanic's lien and have the same foreclosed; an equitable action in which neither party was entitled to a jury trial. (*Jensen v. Bumgarner,* 25 Ida. 355, 137 Pac. 529; *Bradbury v. Idaho etc. L. I. Co.,* 2 Ida. 239, 10 Pac. 620; affirmed in 132 U. S. 509, 10 Sup. Ct. 177, 33 L. ed. 433.) The court held respondent was not entitled to have his claim of lien reformed and foreclosed, and correctly as we think, but found that he was entitled to recover a money judgment for wages alleged to be due for services performed in the construction and repair of this building and accordingly awarded a money judgment. The action to recover wages for services performed is an action at law, in which either party is entitled to a jury trial, and where an action is brought to reform and foreclose a mechanic's lien and the court holds that the pleading and proof do not support an action in equity but is sufficient to support a money judgment, if objection to the form of the action and a demand for a jury trial has been timely made, it would

be error to deny defendant a jury trial, in a law action. The record does not disclose, in the instant case, that appellant made a demand for a jury trial after the action was found to be one at law.

C. S., sec. 7354, contemplates that when one erroneously asserts a right to a mechanic's lien, such action shall not be construed to impair or affect his right to recover in *indebitatus assumpsit* for work done or material furnished. This right is recognized in *Boise L. Co. v. Independent School Dist.*, 36 Ida. 778, 214 Pac. 143, where it was held that by reason of a valid tender before the filing of a lien, the right to a lien was extinguished, but allowed plaintiff to recover the value of the material furnished.

This right has been frequently recognized in states having lien laws similar to that of the Idaho provisions. (See *Marchant v. Hayes,* 117 Cal. 669, 49 Pac. 840; Id., 120 Cal. 137, 52 Pac. 154; *Miller v. Carlisle,* 127 Cal. 327, 59 Pac. 785; *Pacific Iron & Steel Works v. Goerig,* 55 Wash. 149, 104 Pac. 151; *Goodrich L. Co. v. Davie,* 13 Mont. 76, 32 Pac. 282; *Western Plumbing Co. v. Fried,* 33 Mont. 7, 114 Am. St. 799, 81 Pac. 394; *Wertz v. Lamb,* 43 Mont. 477, 117 Pac. 89.)

Appellant's assignments are predicated upon the insufficiency of the evidence to support the findings, conclusions and judgment entered thereon.

In *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602, it is held that under subdivision 3, of C. S., sec. 6886, the transcript shall be deemed adequate to present for review any question of insufficiency of evidence which may be afterwards properly presented by specification of insufficiency in the brief on appeal, but that a specification that a finding is not supported by the evidence without designating the particulars in which the evidence fails to support the finding is not sufficient under this statute unless it is intended to specify that there is not substantial evidence to support the finding.

In *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481, it is said:

"In a suit in equity, as well as in an action at law, a finding of fact made by a trial judge, who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed, because of conflict, if the evidence in support of the finding, if uncontradicted, is sufficient to sustain it."

See *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Cameron L. Co. v. Stack-Gibbs L. Co.,* 26 Ida. 626, 144 Pac. 1114; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114.

We have examined the evidence and while there is a sharp conflict between the testimony of the several witnesses, we agree with the trial court that the contention of appellant that he did not employ respondent to do this work is not consistent with his claim that he paid respondent $240 on account of his demand for payment for his services. One may offer to pay something in discharge of a disputed claim rather than have a controversy, but the fact that appellant attempted to prove that he had paid respondent $240, a sum in excess of what was found to be due, tends to support the claim that there was an employment. There is substantial evidence to support the findings of the trial court and no sufficient reason appears why this court should set such findings aside.

Respondent has cross-appealed and assigned as error the refusal of the court to allow him to recover the equivalent of thirty days' wages under the provisions of C. S., sec. 7381, as a penalty for appellant's failure to pay the wages earned when the same became due. Cross-appellant's contention is that when the court found he had performed this labor as alleged in his complaint, that it was not paid when due and that demand for the same had been made, it therefore follows that he is entitled to recover this penalty. It should be noted that as a part of this same finding, the court also found that "no penalty is owing to plaintiff on account of defendant's failure to pay said wages as aforesaid," and as a part of the second conclusion, the court held

"that plaintiff is not entitled to judgment against defendant for any penalty under section 7381."

Cross-appellant's only assignment is that the court erred in entering judgment disallowing plaintiff's claim for thirty days' additional wages in the sum of $135, as a penalty under this statute. This is not a sufficient assignment to raise the question that the findings and conclusions as a whole do not support that part of the judgment in not including his claim for said penalty. (*Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132.)

The record on this cross-appeal consists of the judgment-roll only, together with the undertaking and notice of appeal. Upon an appeal from a judgment where there is no bill of exceptions or reporter's transcript, this court cannot review the question of whether the findings are sustained by the evidence. (*Keller v. McCarty,* 38 Ida. 18, 219 Pac. 1063; *Anderson v. Walker Co.,* 38 Ida. 751, 225 Pac. 144.)

The errors assigned by appellant which have been considered are not sufficient to constitute reversible error. The judgment of the court below is affirmed, with costs to respondent, exclusive of any costs upon his cross-appeal.

Budge, Givens and Taylor, JJ., concur.