(No. 4886.   May 12, 1928.)

H. M. BEAM, Appellant, v. FIRST NATIONAL BANK
OF TWIN FALLS, Respondent.

[269 Pac. 84.]

Stephan & North, for Appellant, cite no authority on points decided.

Walters & Parry, for Respondent.

ENSIGN, Commissioner.—This is an appeal from a judgment of the district court for Twin Falls county, quieting title in the defendant, First National Bank of Twin Falls, Idaho (respondent here), to certain real property situated in the city of Twin Falls, and described as Lot 8, Block 107 of the original townsite of said city, and referred to in the record as "The House of Seven Gables."

The facts are substantially as follows:

On July 3, 1922, Telesphore Tessier and wife, the undisputed owners of the property in question, by deed conveyed said property to W. E. Smith, who, in some way not definitely shown by the record, was associated with one Fitzwater in the automobile business, on consideration that the encumbrances against the property be assumed; said sale having been negotiated by the said Fitzwater.

In November, 1922, Fitzwater negotiated a trade of the house, subject to certain existing liens, to one Good Beam for a Hudson automobile, and upon delivery of the same Smith gave Beam the original deed from Tessier and wife to himself. Beam caused the grantee's name to be erased from the deed and received no other instrument of transfer. Fitzwater thereupon sold the automobile and, with Smith's consent as per some arrangement between them, received the entire proceeds of the sale. During the time Good Beam was in possession of the house he made some payments on the indebtedness against it, held himself out as the owner of the property, and exercised dominion and control of it.

On November 5, 1924, respondent bank obtained a deficiency judgment against Good Beam in another action by virtue of which, on the twenty-third day of December, 1924, it levied on the interest of Good Beam in the property in question, the same being sold under execution to respondent; sheriff's certificate of sale issuing therefor on January 16, 1925.

Prior to the docketing of the deficiency judgment against the said Good Beam the property, as per agreement between them, was claimed by appellant to have been trans-

ferred to appellant, H. M. Beam, son of the said Good Beam, at which time the said Good Beam delivered to appellant the original deed from Tessier and wife to Smith with the name of the grantee erased; it being the claim of the Beams that the foregoing transfer was made in payment of, or security for, certain loans and advances made by appellant to his father during a period of years prior to 1924.

After the execution sale, and some time in October, 1925, Good Beam came to Boise and obtained from the said W. E. Smith and his wife a new deed conveying the property in question to appellant, H. M. Beam, and on the same occasion procured the re-insertion of Smith's name as grantee in the original Tessier deed to Smith.

Ten assignments of error are made to certain of the findings of fact, to the conclusions of law and to the judgment.

For the purposes of this decision we deem it unnecessary to set out the assignments in full, but call attention to the fact that said assignments of error as to the findings are based upon the alleged insufficiency of the evidence to support them. The conclusions of law are assigned as error only because predicated upon findings not supported by the evidence, and the entering of the judgment is assigned as error not only upon the ground that the evidence is insufficient to sustain it but for the further reason that the same is based upon conclusions of law resultant from findings not supported by the evidence.

While this court has many times announced the rule that it "will not disturb or question findings of fact predicated upon conflicting evidence, where there is substantial evidence to support such findings, etc." (*Gould v. Hill*, 43 Ida. 93, 110, 251 Pac. 167, 172; *Lus v. Pecararo*, 41 Ida. 425, 430, 238 Pac. 1021; *Davenport v. Burke*, 30 Ida. 599, 604, 167 Pac. 481) we are of the opinion there was not substantial evidence to support Finding No. III to the effect that the property in question "was not and never did become the community property of the said W. E. Smith and wife."

The evidence is too vague in fact to show what interest Smith did acquire. It is not contended that if his interest was community property, Good Beam had acquired any interest in the property at the time of the execution sale which could pass thereunder.

We therefore recommend the judgment be reversed and the cause remanded, with directions to grant a new trial, and that costs be awarded to appellant.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is reversed and the cause remanded, with directions to grant a new trial. Costs to appellant.

Petition for rehearing denied.