## WILLIAMS v. THE STATE, EX REL. ARMSTRONG.

PRACTICE.—*Conflicting Evidence.*—Where the evidence is conflicting, and the character of the witnesses for truth and veracity was in evidence before the jury, the Supreme Court will not, upon the weight of the evidence, disturb the verdict.

From the Hamilton Common Pleas.

*T. J. Kane* and *A. F. Shirts*, for appellant.

*D. Moss* and *F. M. Trissal*, for appellee.

OSBORN, J.—This was a complaint for bastardy. There was a trial by a jury and verdict for the appellee, and, over a motion for a new trial, judgment was rendered on the verdict.

The reasons for a new trial stated in the motion were, 1st. and 2d. That the verdict was contrary to law and not sustained by sufficient evidence. 3d. Misconduct of relatrix and her attorney in producing and keeping the alleged

bastard child before the jury during the trial of the cause. 4th. Newly-discovered evidence. 5th. Misconduct of the jury by separating after the charge of the court and before making a verdict.

The error assigned is in overruling the motion for a new trial.

The evidence is sufficient to sustain the verdict. The relatrix testified that the appellant was the father of the child, and he testified that he was not. Evidence was then heard relative to the character of each for truth and veracity. It is one of the cases where this court would not grant a new trial on the evidence. There is no evidence showing that the child was produced or shown to the jury. The relatrix, in giving her testimony, stated that the child running about the court room was the one of which the appellant was the father. No objection was made to it, nor was there any motion to withdraw the evidence from the jury.

The affidavits to sustain the fourth and fifth reasons for a new trial are not properly in the record. *Kesler* v. *Myers*, 41 Ind. 543.

The judgment is affirmed.