BARNUM WIRE AND IRON WORKS v. W. W. SELEY.

Decided December 16, 1903.

**1.—Sale—Warranty—Buyer's Remedy.**

On a sale with express warranty of quality the buyer may accept the article without being compelled to inspect it, and afterwards, if it does not comply with the contract, recover damages for breach of the warranty or offset them against the contract price.

**2.—Warranty.**

A letter proposing to sell a metal awning for a building and promising "a strictly first class job," held sufficient, in connection with other facts, to support a finding of express warranty, and to justify a discount, in suit for the contract price, by reason of breach of such warranty, the awning proving defective and the purchaser having been absent when it was received and put up.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Davis & Cocke,* for appellant.

*Jennings & Penry,* for appellee.

STREETMAN, Associate Justice.—Appellant sued for the contract price of an awning furnished by it to appellee. Appellee claimed that he was not liable for the full contract price, because the awning furnished was not of the kind and quality which appellant agreed to furnish. The contract price was $270.

In a trial before the court without a jury, appellant recovered judgment for $152.96 and interest. Appellant contends that the court erred in rendering judgment for less than the contract price.

The contract was made in the following manner: Appellee desired an awning of a certain kind, and wrote to appellant, who was engaged in the manufacture and sale of awnings, with reference to it. Some correspondence followed, which led up to the following proposition, made in a letter dated March 10, 1902, from appellant to appellee: "Replying to your favor of recent date, we will furnish one wrought iron canopy, as per inclosed blue print 12 feet 0 inches long next to building x 10 feet 0 inches wide, the roof to be made of corrugated iron painted complete, ready to be put up, for the sum of $270 net cash, and if ordered this month, will allow the freight to your station. We will give you a strictly first-class job and hope to be favored with your order, which will have our prompt and best attention. We remain," etc.

A blue print accompanied the letter. This proposition was accepted by appellee, in a telegram and letter. An awning was shipped to appellee, and during his absence from Waco, through the agency of his son and a workman, was placed upon his hotel building, where it remained up to the time of the trial.

There was evidence sufficient to sustain a finding that the awning shipped differed in some respects from the design shown in said blue

print, and that it was not a first-class job, the material being defective and the awning not being properly painted; and its value was not greater than the judgment rendered by the court.

The rule is well settled that where a contract of sale is accompanied by an express warranty of quality, that the buyer may accept the article furnished, and is not compelled to inspect the property, and if it does not comply with the contract, he may afterwards recover damages for breach of the warranty; or, if the sale be on a credit, may offset such damages against the contract price. Parks v. O'Connor, 70 Texas, 389.

We have concluded that the court was warranted in finding that the letter of appellant, forming the basis of the contract, constituted an express warranty of the quality of the awning. After fully completing the description of the article sold, the letter contains the following additional statement: "We will give you a strictly first-class job and hope to be favored with your order, which will have our prompt and best attention."

This appears to have been a positive affirmation, made by the vendor at the time of the sale, with respect to the subject of sale, which may have been intended to, and may have operated as an inducement to the trade. It was not purely a matter of description or identification. We need not determine whether the language itself, as a matter of law, created an express warranty. It was certainly sufficient, taken in connection with the facts proved, to justify the court in concluding, as a matter of fact, that it was so intended by the parties. While some of the defects may have been obvious, yet the others, for instance, the defective material, seemed to have been discovered only after the workman was engaged in putting it up, and while there is some question as to whether even an express warranty will cover defects obvious and actually known to the buyer at the time he receives the property (Tiedeman on Sales, par. 195), we think the court was warranted in holding that under the facts shown the appellee had a right to rely on the warranty, and in this view of the case, there was no error in allowing appellee to prove the reasonable market value of the awning, and in rendering judgment for that amount, instead of the contract price. Blythe v. Speake, 23 Texas, 431; 28 Am. and Eng. Enc. of Law, 1 ed., title, Warranty.

There being no error in the judgment, it is therefore affirmed.

*Affirmed.*