## FREY v. FAILES.

No. 2500.   Opinion Filed May 6, 1913.

(132 Pac. 342.)

1. SALES—"Warranty"—What Constitutes. In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing, or be made in specific terms; and it is not at all necessary that the word "warrant" or "warranty" shall be used. Any direct and positive affirmation of a matter of fact, as distinguished from a mere matter of opinion or judgment, made by the seller during the sale negotiations and as a part of the contract, designed by him to induce the action of the purchaser, and actually relied upon by the latter in making the purchase, will be deemed to be a "warranty."

2. **SAME—Inspection.** The fact that the purchaser had an opportunity to examine the carriage and in fact made a partial inspection, but without discovery of the defect, where the contract of sale is accompanied by an express warranty of quality, does not necessarily do away with the effect of the warranty. He is not bound to exercise his judgment or skill, but may rely on his warranty.

3. **SAME—Construction.** A warranty that a carriage is sound and in first-class condition is sufficient to include a warranty of quality to all its component parts.

4. **PLEADING—Appeal and Error—Motion to Make Certain—Discretion.** A motion to make more definite and certain is addressed largely to the discretion of the court; and its ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party.

5. **APPEAL AND ERROR—Argument of Counsel—Seasonable Objection—Necessity.** To present for appellate review the question of misconduct of counsel in making improper statements to the jury in his argument, there must be an objection seasonably made and an exception properly taken, if it is overruled.

(Syllabus by Sharp, C.)

*Error from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Action by Robert Failes against Andrew Frey. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. C. Beeman,* for plaintiff in error.
*George W. Partridge,* for defendant in error.

Opinion by SHARP, C. Plaintiff below, defendant in error, sued defendant below, plaintiff in error in this court, for the purchase price of a certain carriage theretofore sold by defendant to plaintiff. It was claimed that at the time of the sale the defendant warranted the carriage to be "new, sound, and in first-class condition;" that by agreement of the parties the plaintiff gave to the Alfalfa County National Bank his promissory note for the purchase price of the carriage, which was afterwards paid; that plaintiff, with the defendant's permission, left the carriage at the time of its purchase in the defendant's warehouse, and upon calling for it some time afterwards found that the top was torn, and claimed .

that there had been a breach of the warranty of quality, and requested the defendant to make good his warranty, which he refused to do; that thereupon defendant, claiming that plaintiff was indebted to him on account, refused to let plaintiff have possession of the carriage. It was contended on the part of the defendant that the only warranty made by him was that the carriage was true to the manufacturer's name, and carried with it the manufacturer's warranty as to workmanship and material used in its construction. The defendant denied that he refused the plaintiff possession of the carriage at the time it was called for.

It is first urged that the court erred in overruling the defendant's demurrer to the plaintiff's testimony. This contention cannot be sustained, as there was abundant evidence on the part of plaintiff that the carriage was not in first-class condition, but that the carriage top was torn at the time of the sale. There was testimony that the defendant warranted the vehicle to be a first-class carriage, all right in every way, and in first-class order. It is true no witness testified in so many words that the carriage was not sound and in first-class condition, but this was unnecessary.

The next objection, that the plaintiff was not permitted to answer a question propounded to him on cross-examination by counsel for defendant, is unworthy of consideration. Either the same, or substantially the same, question had been repeatedly asked and answered by the same witness.

It is next insisted that the court erred in its instructions to the jury. Instruction No. 4 is as follows:

"You are instructed that to constitute a warranty or guaranty it is not necessary that the word 'warranty' or 'guaranty,' or any particular word or form of words, should be used, but any representation of the quality or condition of the article, so made by the dealer to the purchaser for the purpose of assuring an intending purchaser of such condition or quality as a fact, and thereby to induce him to make a purchase, will be an express warranty, if accepted and relied upon by the purchaser."

A very similar instruction was approved by this court in

*Woolsey v. Zieglar,* 32 Okla. 715, 123 Pac. 164, where it was said:

"In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing, or be made in specific terms; and it is not at all necessary that the word 'warrant' or 'warranty' shall be used. Any direct and positive affirmation of a matter of fact, as distinguished from a mere matter of opinion or judgment, made by the seller during the sale negotiations, and as a part of the contract, designed by him to induce the action of the purchaser, and actually, to some extent at least, relied upon by the latter, in making the purchase, will be deemed to be a warranty. Mechem on Sales, sec. 1235; Tiffany on Sales, p. 162; Beach on Contracts, sec. 259; Parsons on Contracts (9th Ed.), p. 579; *Hawkins v. Pemberton,* 51 N. Y. 200, 10 Am. Rep. 595; *Id.,* 44 How. Prac. (N. Y.), 102; *Fairbank Canning Co. v. Metzger,* 118 N. Y. 260, 23 N. E. 372, 16 Am. St. Rep. 753; *Reed v. Hastings,* 61 Ill. 266; *Robinson et al. v. Harvey,* 82 Ill. 58; *Erskine v. Swanson et al.,* 45 Neb. 767, 64 N. W. 216; *Austin v. Nickerson,* 21 Wis. 542; *Jack et al. v. D. M. & F. D. R. Co.,* 53 Iowa, 399, 5 N. W. 537; *Henshaw et al. v. Robins,* 9 Metc. (Mass.) 83, 43 Am. Dec. 367; *Smith v. Borden,* 160 Ind. 223, 66 N. E. 683. If, therefore, the defendant made representations to the plaintiff upon which he relied, concerning the quality or character of the cow, intended by him to induce the purchase, and which representations were relied upon by the plaintiff, such direct and positive affirmations in law constitute a warranty. In 30 Am. & Eng. Enc. L. 136 it is said: 'Any distinct assertion or affirmation as to the quality or character of the thing to be sold, made by the seller during the negotiations for the sale, which it may reasonably be supposed was intended to induce the purchase and was relied on by the purchaser, will be regarded as a warranty, unless accompanied by an express statement that it is not intended as such. If the affirmation was made in good faith, it is still a warranty. If made with a knowledge of its falsity, it is none the less a warranty, though it is also a fraud.'"

The plaintiff testified unequivocally that he relied upon the defendant's warranty, and not upon his partial examination of the running gears of the carriage. The defect in the carriage was not known to the plaintiff; and, while it might have been discovered by a careful and thorough examination of the entire

parts of the carriage, this, in view of the defendant's express warranty, was unnecessary, as he had a right to rely on the terms of the warranty. *Gould v. Stein,* 149 Mass. 570, 22 N. E. 47, 5 L. R. A. 213, 14 Am. St. Rep. 455; *Tacoma Coal Co. v. Bradley et al.,* 2 Wash. 600, 27 Pac. 454, 26 Am. St. Rep. 890; *Barnum Wire & Iron Works v. Seley,* 34 Tex. Civ. App. 47, 77 S. W. 827; *Brown v. Freeman,* 79 Ala. 406.

The authorities cited by counsel for plaintiff in error, discussing the rule that there is no implied warranty in regard to defects which are obvious or discoverable on simple inspection, can have no place where the warranty relied upon is express and not implied.

Instruction No. 3, we think, correctly states the law, and was authorized by the evidence. As we have already seen, there was testimony tending to show that the defendant warranted the carriage to be "all right" and "in first-class order." *Hurst v. Hill,* 32 Okla. 532, 122 Pac. 513; *Smith v. Justice,* 13 Wis. 600.

Defendant requested the giving of an instruction to the effect that a general warranty that the carriage was new, sound, and in good, first-class condition would not cover the defect complained of, unless there was a special warranty as to the top. The instruction as worded is subject to many objections, but one of which it is necessary to consider. Why a general warranty that the carriage was sound and in first-class condition would not include the carriage top we are unable to say, and counsel have not attempted to enlighten us. If a special warranty as to the top was required, why not a special warranty as to the tires, axels, bed, springs, and all the component parts of the vehicle? This reasoning extended would mean, first, that there should be a general warranty of the carriage as a whole, and, second, a special warranty of each and every part thereof.

It is further urged that the court erred in overruling defendant's motion to make the petition more definite and certain. A motion to make more definite and certain is one addressed largely to the discretion of the trial court, and its ruling thereon

will not be disturbed, except for an abuse of such discretion that results prejudicially to the complaining party. *City of Chickasha v. Looney,* 36 Okla. —, 128 Pac. 136; *Ft. Smith & W. R. Co. v. Ketis,* 26 Okla. 696, 110 Pac. 661; *Landon et al. v. Morehead,* 34 Okla. 701, 126 Pac. 1027.

Apart from what has been said concerning the breach of warranty as to the quality and condition of the carriage, it was alleged in the petition, and shown by the plaintiff's testimony, that the defendant refused to deliver the carriage purchased and paid for by the plaintiff. The measure of damages in such case is one regulated by statute. Section 2896, Comp. Laws 1909, provides:

"The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has been fully paid to him in advance, is deemed to be the same as in the case of a wrongful conversion."

Finally, it is urged that a reversal should be had by reason of the misconduct of counsel for plaintiff. It is charged that the offending attorney informed the jury that they were greater than the President of the United States, or in fact any one, thereby causing them to believe that they could disregard aught but their own personal wishes in determining the cause. This expatiating upon, and possible exaggeration of, the jury's high prerogatives was not complained of at the time of its utterance, but by affidavit attached to motion for new trial made three days after the verdict was returned. But this was too late, for to present the question of the misconduct of counsel in making improper statements in arguing the case to the jury there must be an objection seasonably made and an exception properly taken, if the objection is overruled. *Coalgate Co. et al. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915; *Martin v. Hubbard,* 32 Okla. 2, 121 Pac. 620.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.