[Civ. No. 1637.   First Appellate District.—March 30, 1916.]

# W. R. GRACE AND COMPANY, Respondent and Appellant, v. HARRY LEVY, Appellant and Respondent.

SALE—BREACH OF WARRANTY OF QUALITY—SUFFICIENCY OF EVIDENCE.— In this action for damages for the breach of an express warranty which accompanied the sale of a certain quantity of coffee bags to the plaintiff by the defendant, it is held that the finding that the bags were not in the warranted condition upon their arrival at the port of destination is supported by the evidence.

ID.—MEASURE OF DAMAGES—MARKET VALUE AT PLACE OF DESTINATION —WHEN ADMISSIBLE.—Where it was not practicable for the plaintiff to inspect the bags at the place of shipment, and the defendant had knowledge at the time of sale as to where they were to be shipped and used, it is proper to fix the damages with reference to the market value of the bags at the port of destination rather than where they were baled and received.

ID.—EVIDENCE—KNOWLEDGE OF PLACE AND USE OF BAGS.—In such an action it is not error to permit the defendant as a witness for the plaintiff to be interrogated as to his knowledge, "at the time of the concluding of the transaction," concerning the place where the bags were to be used.

ID.—RECOVERY OF DAMAGES—BREACH OF WARRANTY—INSPECTION PRIOR TO DELIVERY—EFFECT OF.—The right of a buyer of personal property to recover damages for breach of an express warranty is not affected by an inspection of the property before delivery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Defendant.

Goodfellow, Eells & Orrick, and O'Connor & Schwartz, for Plaintiff.

THE COURT.—This is an action for damages for the breach of an express warranty which accompanied the sale of a certain quantity of coffee bags to the plaintiff by the defendant. The complaint pleaded four causes of action in separate counts, each of which was identical in language save and except as to the dates and the amounts involved. The defendant answering denied all of the material allegations of the complaint save and except the allegation concerning the execution of the contract and the giving of the warranty.

On the issues thus framed the cause was tried by the court without a jury, and judgment rendered and entered in favor of the plaintiff in the sum of one thousand two hundred dollars upon the issues involved in the first three counts. Upon the issues involved in the fourth count the court found that the plaintiff had an opportunity to inspect and did inspect the bags contracted for prior to delivery, and approved the

same, and that therefore the plaintiff was not entitled as a matter of law to recover on that particular count, and rendered judgment thereon in favor of the defendant.

Upon the issues involved in the first count, the trial court found, in substantial accord with the allegations of the complaint, that on October 3, 1911, the defendant at the city and county of San Francisco, sold to the plaintiff ten thousand second-hand gunny bags, and that at the time of such sale, and as a part of the transaction, the defendant warranted said bags to be in good, sound condition and of the size of about twenty-eight by forty inches; that the defendant agreed to pack said bags in bales; that he knew they were to be shipped to and used in the vicinity of San Jose de Guatemala; that the bags were delivered to the plaintiff at San Francisco, the place agreed upon for delivery; that at the request of the plaintiff the bags as baled were marked "J. G. V. No. —— San Jose de Guat.," and were delivered so marked to a drayman for the plaintiff; that the bags when thus delivered were not in good, sound condition or of the size of about twenty-eight by forty inches; that it had not been practicable for the plaintiff to inspect the bags after delivery at San Francisco, or prior to their shipment to the port of destination, or until their arrival at said port; that the plaintiff could not, with the exercise of the diligence usual and ordinary in such a transaction, have inspected said bags until their arrival at the port of destination; that the bags while being baled in San Francisco were not inspected or approved by the plaintiff or declared by it to meet the requirements of the warranty; that after shipment of the bags and before their receipt at the port of destination the plaintiff, relying on the contract and warranty in suit, paid to defendant the agreed price; that the bags reached the port of destination on November 30, 1911, and were received by the plaintiff; that if the quality and condition of the bags had measured up to the requirements of the warranty, they would have had a value of one thousand dollars; that by reason of the defendant's breach of the warranty the actual value of the bags at the time of their receipt by the plaintiff at the port of destination was only five hundred dollars; and finally, that the detriment suffered by the plaintiff from the breach of the warranty was the sum of five hundred dollars.

The second and third counts of the complaint involved respectively the sale of twelve thousand bags on November 20, 1911, and two thousand bags on December 18, 1911; upon practically the same state of facts as was involved in the first count the trial court found that the plaintiff was damaged because of the breach of the warranty in the sum of six hundred dollars on the second count, and in the sum of one hundred dollars on the third count.

From the judgment entered in favor of the plaintiff the defendant has appealed, and from the judgment entered in favor of the defendant upon the fourth count of the complaint the plaintiff has appealed. Both parties appeal from orders denying their respective motions for a new trial.

The findings above referred to are assailed by the defendant upon the ground, as claimed, that they are not supported by the evidence in that it was not shown that the bags were not good second-hand bags when delivered to plaintiff, or that the plaintiff suffered any damage by reason of the defendant's alleged breach of the warranty.

The evidence produced upon the whole case was in substantial conflict. We have neither the time nor the inclination to follow respective counsel in their discussion of the weight of the evidence and the credibility of the witnesses; and it must suffice for us to say that we are of the opinion that the evidence is sufficient to support the finding concerning the condition of the bags when they were delivered to the plaintiff. Much of the evidence upon this phase of the case was directed to showing the condition of the bags upon their arrival at the port of destination. There was, however, some evidence as to their condition when they were baled at and shipped by the defendant in San Francisco. This evidence was conflicting, and that offered and received upon behalf of the plaintiff tended to support the finding in question. This being so, the finding must stand, even though it be conceded, as counsel for the defendant contends, that it was incumbent upon the plaintiff to show that the bags were not as warranted when baled and shipped from the defendant's warehouse at San Francisco.

The contention that there was no evidence as to the damage suffered by the plaintiff is based upon the fact that all of the evidence in this behalf was confined to the market value of the bags at the port of destination. In this connection we

are satisfied that the evidence sufficiently sustains the findings that it was not practicable for the plaintiff to inspect the bags at San Francisco, and that the defendant knew at the time of the sale and warranty that the bags were to be shipped to and used at San Jose de Guatemala. This being so, the damages found for plaintiff were properly fixed with reference to the market value of the bags at the port of destination rather than at San Francisco where they were baled and received. (Civ. Code, sec. 3313; *Shearer* v. *Park Nursery Co.,* 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412]; *Krasilnikoff* v. *Dundon,* 8 Cal. App. 406, [97 Pac. 172]; *Germain Fruit Co.* v. *J. K. Armsby Co.,* 153 Cal. 585, [96 Pac. 319].)

The trial court did not err in its ruling permitting the defendant Levy as a witness for the plaintiff to be interrogated as to his knowledge "at the time of the concluding of the transaction" concerning the place where the bags were to be used. If he knew at the time stated in the question that the bags were to be used elsewhere than in San Francisco, he must have acquired that knowledge during the negotiations between the parties and before the transaction was concluded. Evidence of such knowledge was therefore material to the issues.

Upon the issues involved in the fourth count of the complaint the trial court found substantially that on July 13, 1912, at San Francisco, California, the defendant sold the plaintiff eight thousand "second-hand coffee gunnies," agreeing to pack them in bales; that the defendant knew at the time of the sale that such bags were to be shipped to and used in the vicinity of San Jose de Guatemala; that on July 23, 1912, defendant packed eight thousand bags in bales and delivered them to the plaintiff at San Francisco, which was the place agreed upon for delivery; that at the request of the plaintiff these bags were marked "J. G. V. No.—— San Jose de Guat.," and were delivered so marked to a drayman for plaintiff. The trial court found that these bags were not second-hand coffee gunnies; but it further found that the plaintiff had an opportunity to inspect the gunnies prior to their shipment to and arrival at San Jose de Guatemala; that they were inspected and approved by the plaintiff and by it declared to be second-hand gunnies; that the plaintiff accepted the bags as conforming in all respects with the bags sold to it by the defendant. Finally the court found that after the

shipment of the eight thousand bags involved in the fourth count in the complaint, and before their receipt at San Jose de Guatemala, the plaintiff, relying upon its contract with the defendant, paid him the purchase price of said bags. The trial court made no finding upon the issue raised by the pleadings as to the damage claimed to have been suffered by the plaintiff as the result of the defendant's breach of the express warranty alleged to have accompanied the sale.

Assuming that the evidence adduced upon the issues in the fourth count of the complaint sufficiently supports the finding that the bags in question were accepted by the plaintiff, still such finding does not in turn support the judgment. It is not disputed that the bags were expressly warranted to be "second-hand gunnies," and the finding that the bags delivered to the plaintiff did not meet the requirements of the warranty is sufficiently supported by the evidence. The inspection of the bags relied upon to support the judgment in favor of the defendant upon the fourth count of the complaint occurred, if at all, prior to the delivery to the plaintiff. Such inspection did not as a matter of law operate as a waiver of the warranty, nor excuse the defendant from liability for a breach of the same. (*Gould* v. *Stein,* 149 Mass. 570, [14 Am. St. Rep. 455, 5 L. R. A. 213, 22 N. E. 47] ; *Barnum Wire etc. Works* v. *Seley,* 34 Tex. Civ. App. 47, [77 S. W. 827] ; *Williams* v. *State,* 45 Ind. 157; Williston on Sales, sec. 208, p. 275; *North Alaska Salmon Co.* v. *Hobbs, Wall & Co.,* 159 Cal. 380, 389, [35 L. R. A. (N. S.) 501, 113 Pac. 870, 120 Pac. 27].)

It follows from what we have said that the judgment rendered and entered in favor of the plaintiff on the first three counts of the complaint, and the order denying the defendant's motion for a new trial, must be affirmed; and that the judgment entered in favor of the defendant upon the fourth count must be reversed, and a new trial ordered as to said fourth count only, and the cause remanded with directions to the trial court to find upon the one issue as to damages only as to said fourth count, letting stand all other findings as to said fourth count, and thereupon to enter judgment.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 29, 1916.