(April 25, 1916.)

JOHN V. FARWELL COMPANY, a Corporation, Respondent, v. GLENN B. CRANEY, as Trustee of the Interstate Mercantile Company, a Corporation, a Bankrupt, Appellant.

[157 Pac. 382.]

PROMISSORY NOTE—ACTION ON—VERDICT OF THE JURY—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

    1. *Held,* that the evidence was sufficient to sustain the verdict.

    2. *Held* that the court did not err in giving certain instructions and did not err in refusing to give certain requested instructions.

    [As to validity of stipulations for attorneys' fees in note, see note in 55 Am. St. 438.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover on a promissory note. Judgment for plaintiff. *Affirmed.*

Reed & Boughton, for Appellant.

Instruction No. 4 is particularly erroneous in that it charges that notice to the officer assuming to do the unauthorized act is notice to the corporation, which is not the fact. (10 Cyc.

1079, 1080, note D; *Sanford Cattle Co. v. Williams,* 18 Colo. App. 378, 71 Pac. 889.)

Instruction No. 7 is particularly vicious in that it instructs the jury that it can find for the plaintiff for the full amount of the note with interest and attorneys' fees.

"Attorneys' fees cannot be recovered in an action on a promissory note executed by a corporation unless the corporation authorized the execution of the note providing for the payment of attorneys' fees in the case of suit." (*Schallard v. Eel River Steam Nav. Co.,* 70 Cal. 144, 11 Pac. 590; *Thomas v. Wentworth Hotel Co.,* 16 Cal. App. 403, 117 Pac. 1041, 1046.)

More than one attorney's fee cannot be recovered on the same note. (*Davis v. Hibbs,* 73 Wash. 315, 131 Pac. 1135.)

And it appears from the evidence that attorney's fees had already been allowed and paid on this particular note.

Instruction No. 8 is erroneous in that it contains the following: "And the defendant would have to prove any and all defenses which it alleges by a preponderance of the evidence," when as a matter of fact any one of the defenses, properly proved, would be sufficient to justify a verdict for the defendant. (*Conqueror Gold Min. & M. Co. v. Ashton,* 39 Colo. 133, 90 Pac. 1124.)

Instruction No. 11 is erroneous in that it does not correctly state the law. A corporation has no inherent authority to sign accommodation paper as surety or guarantor, and if the capital stock of the corporation was to go to Mr. Wells, he alone was liable upon the note. (*Durlacher v. Frazer,* 8 Wyo. 58, 80 Am. St. 918, 55 Pac. 306; *Hall v. Goodnight,* 138 Mo. 576, 37 S. W. 916; *Mooney v. O. P. Mooney Co.,* 71 Wash. 258, 128 Pac. 225.)

E. R. Whitla, for Respondent.

The complaint made regarding instruction No. 2 is answered by the authorities to the effect that the acquiescence of the corporation works an adoption and ratification, and that no act of the board of directors is necessary. (*Wall v.*

*Niagara Mining & Smelting Co.,* 20 Utah, 474, 59 Pac. 399; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Possell v. Smith,* 39 Colo. 127, 88 Pac. 1064.)

Instruction No. 5 is the law, as it is our contention that the note is a written contract, and not to be varied, changed or contradicted by parol testimony. (*First Nat. Bank v. Foote,* 12 Utah, 157, 42 Pac. 205; *Leonard v. Miner,* 120 Cal. 403, 52 Pac. 655; *Burnes v. Scott,* 117. U. S. 582, 6 Sup. Ct. 865, 29 L. ed. 991.)

As to the complaint regarding instruction No. 8, referring to proof of any and all defenses, it is the law that a corporation receiving the benefit of such a contract must return or tender back any benefit received, or be held to ratify the agent's acts. (*Johnston v. Milwaukee & W. Inv. Co.,* 49 Neb. 68, 68 N. W. 383; *Pitts v. Shubert,* 11 La. 286, 30 Am. Dec. 718; *Kaeppler v. Redfield Creamery Co.,* 12 S. D. 483, 81 N. W. 907.)

SULLIVAN, C. J.—This is an appeal from a judgment against Glenn B. Craney, as trustee of the Interstate Mercantile Company, a bankrupt corporation, in favor of the plaintiff, on a promissory note for the sum of $4,666.66, with interest thereon and attorney's fees, and also from an order denying a new trial.

The action was tried by the court with a jury and the jury found the facts in favor of the plaintiff, and judgment was entered on the verdict.

Numerous errors are assigned, but the main contentions involve the sufficiency of the evidence and the action of the court in giving certain instructions to the jury and refusing to give others. The evidence in the case covers nearly 500 typewritten pages, and from an examination of it we find a substantial conflict in the evidence and that there is substantial evidence to support the verdict of the jury.

So far as the instructions are concerned, those given by the court fairly cover the case, and we do not think the court erred in refusing to give certain instructions requested by the defendant.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.