(November 20, 1917.)

# RAFT RIVER LAND & LIVESTOCK CO., a Corporation, Appellant, v. S. H. LAIRD, Respondent.

[00 Pac. 000.]

SALES—EXPRESS WARRANTY—SUFFICIENCY OF EVIDENCE—FRAUDULENT
INTENT—DUTY OF BUYER TO INVESTIGATE—RESCISSION—RETURN OF
PROPERTY.

1. Where, in an action by the vendor to recover the purchase price of property sold, the purchaser, as a defense, relies upon a breach of express warranty and an election to rescind the contract, it is immaterial whether or not the vendor acted in good faith when he made the representations leading up to the sale.

2. In such a case it is not the duty of the purchaser to investigate the truth of the statements constituting the warranty.

3. This court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it.

4. What is a reasonable time within which a purchaser, who elects to rescind a contract of sale because of a breach of warranty must return, or offer to return, the property purchased, is a question of fact to be determined by the jury.

[As to privilege of returning goods purchased as bar to claim for breach of warranty, see note in Ann. Cas. 1915D, 1159.]

APPEAL from the District Court of the Fifth Judicial District for Power County.    Hon. J. J. Guheen, Judge.

Action for debt.    Judgment for defendant.    *Affirmed.*

W. R. Griswold, for Appellant.

"To rescind a contract for the purchase of a chattel the property purchased should be returned, or offered to be returned, within a reasonable time, unless it is of no value to either party."    (*Gale Sulky Harrow Mfg. Co. v. Moore,* 46 Kan. 324, 26 Pac. 703; *Luger Furniture Co. v. Street,* 6 Okl. 312, 50 Pac. 125; 35 Cyc. 151; *Gifford v. Carvill,* 29 Cal. 589; *Robinson & Co. v. Roberts,* 20 Okl. 787, 95 Pac. 246; *Waymire v. Shipley,* 52 Or. 464, 97 Pac. 807.)

"Retaining the goods without objection after discovery of the fraud or defect, and using, selling, or otherwise dealing with the property, will estop the buyer to rescind." (35 Cyc. 141, 142; *Detroit Heating etc. Co. v. Stevens,* 16 Utah, 177, 52 Pac. 379; *Eagle Iron Works v. Des Moines Sub. Ry. Co.,* 101 Iowa, 289, 70 N. W. 193; *Morgan v. Thetford,* 3 Ill. App. 323; *Lyon v. Bertram,* 20 How. (61 U. S.) 149, 15 L. ed. 847.)

J. F. Nugent, J. P. Pope and Ross W. Bates, for Respondent.

"Whether the right to rescind was exercised within a reasonable time is usually regarded as a question for the jury." (35 Cyc. 153, note 48.)

"In the case of a warranty it is immaterial whether the seller knew his statements were untrue or not." (35 Cyc. 368, and cases cited.)

"Where there is an express warranty, the buyer is under no obligation to inspect or examine the goods purchased, but may rely on the warranty. The main purpose of a warranty is often to excuse examination and render examination unnecessary." (35 Cyc. 378, and cases cited.)

"Where there is some evidence to support the verdict of the jury, the judgment will not be reversed." (*Lott v. Oregon Short Line R. Co.,* 23 Ida. 324, 130 Pac. 88.)

MORGAN, J.—Appellant instituted this action to recover the purchase price of a mare sold by it, through one Crane, its agent, to respondent. Respondent's defense was that at the time of the sale appellant's agent expressly warranted that the animal was sound; that after the sale it was discovered to be so diseased and afflicted as to be of no value whatever and that after the discovery of the animal's defects he offered to return it to appellant. The jury returned a verdict for respondent and judgment was entered accordingly. From the judgment this appeal is taken.

The evidence is sufficient to disclose the fact that the mare was unsound, as alleged by respondent, and practically valueless.

The testimony introduced by respondent, to sustain his claim that appellant warranted the soundness of the mare, was to the effect that during the time the sale was being negotiated Crane told him the anmial was sound in every particular, and "I will absolutely guarantee that mare. If she does not prove satisfactory, you can bring her back any time." This evidence is sufficient to sustain the jury in finding that Crane warranted the soundness of the animal. (*Frey v. Failes*, 37 Okl. 297, 13. Pac. 342; 35 Cyc. 365.) It is true Crane disputed the testimony of respondent in this particular, but no rule is better settled in this state than that this court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it. Among the recent cases so holding is *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 144 Pac. 646; *Graham v. Coeur d'Alene & St. Joe Transp. Co.*, 27 Ida. 454, 149 Pac. 509; *Bower v. Moorman*, 27 Ida. 162, 147 Pac. 496; *Darry v. Cox*, 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner*, 28 Ida. 706, 156 Pac. 114; *John V. Farwell Co. v. Craney*, 29 Ida. 82, 157 Pac. 382; *Sweeten v. Ezell*, 30 Ida. 154, 163 Pac. 612. The reason for this rule is that the jury is the exclusive judge of the credibility of the witnesses and of the weight and sufficiency of the evidence. It was within the province of the jury to, and it apparently did, discredit the testimony adduced by appellant to sustain its contention, and it is not for this court to say that it erred in returning the verdict it arrived at from the conflicting evidence before it.

Appellant contends that the court erred in giving certain instructions, and in refusing to give others which were requested by it, but, it is clear, this contention is based on the erroneous assumption that this action involved the question of fraud or deceit. Referring to the instructions refused by the court, appellant says in its brief: "These instructions were formulated and prepared under the provisions of the general rule of law in regard to rescission of contracts of sale for fraud." Its objection to the instructions given was

that they omitted to charge the jury in respect to certain elements necessary where fraud is relied upon as a defense.

If respondent's defense had been based upon false representations alleged to have been made by appellant's agent, then it would have been necessary to prove that he made the representations knowing their falsity, or made them in reckless disregard of what the truth might be, but fraud is not essential to the establishment of a defense based on breach of warranty, and in such a case it is immaterial whether or not the vendor acted in good faith when he made the representations leading up to the sale. (*Klock v. Newbury*, 63 Wash. 153, 114 Pac. 1032.) Likewise, where a defense is a breach of express warranty by the vendor, there is no duty imposed by law upon the purchaser to investigate the truth of the statements constituting the warranty. (*Klock v. Newbury, supra; Frey v. Failes, supra; W. R. Grace & Co. v. Levy*, 30 Cal. App. 231, 156 Pac. 626; *Hull v. Dannen* (Iowa), 157 N. W. 188; *Vaupel v. Lamply*, 181 Ind. 8, 103 N. E. 796.)

Appellant contends that respondent cannot, as a defense, rely upon an election to rescind the contract for breach of warranty, for the reason that he did not return, or offer to return, the property within a reasonable time after he discovered the defects of which he complained. Respondent's testimony was to the effect that when he became convinced the mare was so unsound as to be of no use, and upon learning the address of appellant, he wrote a letter offering to return her and, receiving no answer, wrote again, some time later, which last-mentioned letter brought a response and a refusal by appellant to receive the animal. This evidence tends to show respondent's diligence and that question was properly submitted to the jury by an instruction given to the effect that he must have offered to return the mare within a reasonable time.

We find no error in the record and the judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.