(No. 4834.   December 1, 1927.)

FLOYD L. PIERCE, Respondent, v. JOHN W. CALD-
WELL, Appellant.

[261 Pac. 671.]

APPEAL AND ERROR—-SUFFICIENCY OF EVIDENCE—VERDICT UNDISTURBED.
    Where there is sufficient evidence uncontradicted to sustain ver-
    dict, it will not be disturbed on appeal.

APPEAL from the District Court of the Third Judicial
District, for Elmore County.   Hon. Clinton H. Hartson.
Judge.

Action for balance due on account.   Judgment for re-
spondent.   *Affirmed.*

R. W. Beckwith, for Appellant.

A judgment of the trial court will be reversed where
there is no substantial evidence to sustain it.   (*Keltner v.
Bundy,* 40 Ida. 402, 233 Pac. 516; *Quayle v. Ream,* 15 Ida.
666, 99 Pac. 707; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac.
465; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

Where the verdict is manifestly against the overwhelm-
ing weight of the evidence, so as to suggest that it was
rendered through bias, prejudice or passion, and that injus-
tice has been done thereby, the verdict must be set aside.
(*Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Ault-
man, Miller & Co. v. Scheele,* 34 Neb. 819, 52 N. W. 817;
3 Cyc. 352, 353; *McDonnell v. Jones,* 25 Ida. 551, 138 Pac.
1123; *Jones v. Bartlett,* 36 Ida. 433, 211 Pac. 555.)

Publisher's Note.
    See 2 R. C. L. 195.
    See Appeal and Error, 4 C. J., sec. 2836, p. 859, n. 7.

A. F. Downs and E. H. Anderson, for Respondent.

Whenever there is substantial evidence to support a verdict, the same shall not be set aside. (C. S., sec. 7170; *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437.)

An appellate court will not disturb the judgment of a trial court because of conflict in the evidence, where there is sufficient proof, if uncontradicted, to sustain it. (*Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Sweeten v. Ezell,* 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; *Wallace v. Hartford Fire Ins. Co.,* 31 Ida. 481, 174 Pac. 1009; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588.)

FEATHERSTONE, C.—Pierce brought action against Caldwell to recover a balance due of the purchase price for certain lumber sold and delivered to Caldwell. It appears that, during the month of July, 1923, Caldwell entered into an agreement with one Daugherty to purchase all lumber cut by Daugherty and his partner Pierce during that year at an agreed price of $32 per thousand feet. Delivery of the lumber was commenced in August. The partnership between Daugherty and Pierce was dissolved on October 9th and, in the adjustment of the partnership matters, the claim against Caldwell was assigned to and became the property of Pierce. Answering, Caldwell, by cross-complaint, set up a breach of the contract, that Pierce and Daugherty had failed to deliver all the lumber cut by them, but had sold lumber to other parties. The cause was tried to a jury, a verdict rendered for Pierce, and Caldwell has appealed from the judgment entered on the verdict.

Appellant's material specifications of error are that the verdict was rendered through bias and prejudice and was against the overwhelming weight of the evidence. There was a dispute as to whether the entire cut of lumber made by the parties was delivered to appellant. There was an adjustment satisfactory to appellant made on one small lot not delivered to him.

After the dissolution of the partnership, appellant, at the request of respondent, made a computation of the balance due respondent, that balance being the sum for which judgment was asked in this action. While the evidence is conflicting, the verdict is not against the "overwhelming weight of the evidence" and we fail to discern any reason for holding that it was rendered through bias or prejudice. There is substantial evidence to sustain the verdict, and, under the repeated rulings of this court that where there is sufficient evidence, if uncontradicted, to sustain the verdict, it will not be disturbed. (*Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Sweeten v. Ezell,* 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.) We recommend that the judgment be affirmed, with costs to respondent.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is affirmed, with costs to respondent.